RUTH P. COOK, Plaintiff-Appellant, *v.* W. B. BRITT, Defendant-Appellee.

(No. 55269;

First District—November 15, 1972.

John G. Phillips, of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellant.

Hinshaw, Culbertson, Moelmann, Hoban and Fuller, of Chicago, (Dennis J. Horan and John J. Pappas, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On June 16, 1961, in Atlanta, Georgia, plaintiff Ruth P. Cook, while driving her automobile stopped it at a stop sign. Her vehicle was then struck in the rear by the defendant, W. G. Britt, a resident of Fulton County, Georgia, at the time. Plaintiff filed her suit on September 14, 1962, in Fulton, Georgia. In the meantime defendant moved to Wilmette, Illinois and still resides there. A copy of the complaint and process was served on the Georgia Secretary of State who on September 25, 1962, served the defendant by registered mail at his Wilmette, Illinois address. The registry receipt was returned by the Secretary of State showing receipt by the defendant on September 27, 1962.

On October 22, 1962, defendant filed three pleadings in the case in Fulton County, Georgia:

> (1) Plea in abatement denying that he was legally served with process.
>
> (2) Plea to the jurisdiction in which he challenged the constitutionality of the Georgia Statute which authorized service of process upon him by serving the Georgia Secretary of State.
>
> (3) A traverse of entry service in which he again challenged the constitutionality of the Georgia Statute authorizing service of process and asked that the entry of service be vacated and set aside.

At the time plaintiff commenced suit, the Georgia Motor Vehicle Code provided for service of process on non-residents by service on the Secretary of State. In June 1964, the Supreme Court of Georgia held said Statute unconstitutional. (Young v. Morrison, 220 Ga. 127, 137 S.E.2d 456.) On October 14, 1964, defendant moved for summary judgment on the pleadings and on January 28, 1965, an order was entered in Fulton County, vacating the service, abating the cause, discharging the defendant and dismissing the suit.

On April 20, 1965, plaintiff filed suit in the Circuit Court of Cook County for damages for personal injury based on the same accident alleged in the Georgia law suit. Defendant was served with summons and

filed a motion to dismiss for the reason that the suit was barred by the statute of limitations which motion was denied by the motions judge.

Defendant in his answer reasserted the defense of the statute of limitations and again claimed that allowing this suit to stand would deprive him of his constitutional right to due process of law. The trial judge, considering only the legal issues raised by the pleadings, dismissed the suit for the reason that it was barred by the statute of limitations.

The question on appeal is whether an action filed in a foreign jurisdiction, which was dismissed not on the merits but because of a defect in procedure, can be refiled in Illinois pursuant to Section 24a of the Illinois Limitations Act. Ill. Rev. Stat. 1965, ch. 83, sec. 24a.

■■ It is generally agreed that a statute of limitations is an act limiting the time within which legal action shall be brought and affects the remedy only and not a substantive right. To avoid possible hardship which might result from strict adherence to the provisions of the statute of limitations, the Illinois Legislature adopted a remedial revival statute. It provides:

> "In any of the actions specified in any of the sections of this act or any other act or in any contract where the time of commencement of any action is limited, if judgment shall be given for the plaintiff, and the same be reversed upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff has heretofore been nonsuited or shall be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after." Ill. Rev. Stat. 1965, ch. 83, sec. 24a.

Plaintiff-appellant relying on the provisions of said Illinois revival statute filed the instant suit within three months after the Georgia court discharged the defendant. Plaintiff maintains that she pursued her claim diligently since 1962 and that the defendant had knowledge of plaintiff's claim since that time.

In *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill.2d 273, 122 N.E.2d 540, the Illinois Supreme Court stated at pages 289-290:

> "Statutes of limitation, like other statutes, must be construed in light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here. As

observed by Mr. Justice Holmes in *New York Central Railroad v. Kinney,* 260 U.S. 340, 342, 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied.' "

The defendant argues that the instant action in Illinois is barred by the provisions of another section of the Illinois Statute of Limitations. Chapter 83, section 21 provides:

"When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state."

■■ Fundamental fairness and basic justice require that a litigant, like the plaintiff in the instant case, have his claim tried and decided on its merits and not disposed on a procedural technicality. In *Sachs v. Ohio Nat. Life Insurance Co.* (7th Cir. 1942), 131 F.2d 134, 137, the purpose of section 24a was considered. The court said: "The act is remedial reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits because of a procedural defect. Such remedial statute should be liberally construed so as to prevent destruction of the purpose of legislation."

In a later case, the Illinois Supreme Court in *Roth v. Northern Assurance Co. Ltd.,* 32 Ill.2d 40, 48, 203 N.E.2d 415, held: "The plain purpose of section 24a is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits."

The *Roth* case involving section 24a of the Illinois Limitations Act was filed in a U.S. District Court to recover upon fire insurance policies. The policies provided that no action shall be sustainable unless commenced within 12 months next after inception of the loss. During the pendency of this action the time limited for bringing the action had run. The Circuit Court held that section 24a does not apply to a new action commenced within one year after the original action commenced in the Federal Court had been dismissed. The Illinois Appellate Court affirmed. The Appellate Court opinion was based on *Herb v. Pitcairn,* 392 Ill. 138, 64 N.E.2d 519, to the effect that a suit filed in a court which does not have jurisdiction is not "commenced" to permit renewal under section 24a of the Limitations Act. *Herb v. Pitcairn* was overruled. The reasoning in *Herb v. Pitcairn* was held to be unsound because it centered on the issue of jurisdiction without considering the purpose of a limitation upon the time within which an action may be commenced.

The Illinois Supreme Court stated in the *Roth* case, at pages 46 and 47:

"The considerations appropriate to determination of the present question are those stated by the New York Court of Appeals in *Gaines v. City of New York*, 215 N.Y. 533, 109 N.E. 594. That case arose under a New York statute like section 24 of our Limitations Act. The original action had been commenced in a court which lacked jurisdiction of actions against the city of New York, and it was dismissed upon that ground. After the period of limitations had run a new action was instituted within one year in a court of competent jurisdiction. Speaking through Mr. Justice Cardozo, the court said: 'The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. This very question of power of the City Court to determine actions against the city of New York will illustrate that truth. [Citations omitted.] There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights.' 109 N.E. at 596."

In 1969, the Illinois Appellate Court in *In re Estate of Breault*, 113 Ill. App.2d 356, 251 N.E.2d 910, expressed the need to permit renewal of an action in terms of balancing conflicting interests. At page 361, the court stated:

"Section 24 is a remedial statute which should be liberally construed. Its purpose and proper construction was clearly shown in Roth v. Northern Assur. Co., 32 Ill.2d 40, 203 N.E.2d. 415, 16 A.L.R.3d 442 (1965), where our Supreme Court, at 42 (203 N.E. 2d 416, 16 A.L.R.3d 446) quoted with approval from Sachs v. Ohio Nat. Life Ins. Co., 131 F.2d 134, 137 (7th Cir. 1942) that, 'The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits and it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction * * *.' No other logical or intelligible meaning can be ascribed to the language added by the 1959 amendment, 'or any other act', than that the Legislature was expanding the benefit of section 24 to all civil

actions authorized by any statute 'where the time of commencement of any action is limited, * * *.'"

We agree with the plaintiff that she acted in good faith and followed the Georgia statute at the time of the commencement of the suit in Georgia to serve process on the defendant who had actual notice of the law suit against him. The plaintiff should not be held responsible for not knowing the statute would be declared unconstitutional.

■■ The presumption is that statutes are constitutional and plaintiff had a right to rely on it. The defendant was on notice of the plaintiff's claim in the Georgia court and it would be most unfair and unjust to now deprive her of her day in court in Illinois.

■■ As demonstrated in the cases above cited, the controlling section of the Statute of Limitations is section 24a providing for filing of a new action within one year. Section 21 of the statute does not apply because the action filed in Georgia was in apt time.

For the reasons stated, the judgment of the Circuit Court of Cook County is reversed and the cause remanded for trial.

Reversed and remanded.

DIERINGER, P. J., and BURMAN, J., concur.