MOLLY SANDMAN, Plaintiff-Appellant, *v.* MARSHALL FIELD & COMPANY, Defendant-Appellee.

(No. 59724;

First District (2nd Division)—March 31, 1975.

428

Baskin, Server, Berke, & Rosenbloom, of Chicago (Joseph B. Leder-leitner, of counsel), for appellant.

Arthur H. Barton, of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is to review an order that dismissed plaintiff's suit for personal injuries after it was refiled pursuant to the provisions of section 24 of the limitations act.[1] The issue presented is whether the trial court

---

[1] Ill. Rev. Stat. 1971, ch. 83, par. 24a.

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is non-suited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is non-suited or the action is dismissed for want of prosecution."

erred in ruling that the statute does not apply to a case that has been the subject of dismissals for want of prosecution and denied reinstatement.[2] The parties agree concerning the facts.

Molly Sandman filed a suit for personal injuries against Marshall Field & Company. Summons were served and the cause was set for trial. After remaining on file more than 3½ years, it was dismissed for want of prosecution. Within 10 days, on plaintiff's motion, the cause was reinstated. A little more than 60 days later, it was again dismissed for want of prosecution. Within 30 days, it was reinstated. Fifty days later, and for the third time, the cause was dismissed for want of prosecution. A motion to reinstate was made but the court denied it. The denial was not appealed.

Then, plaintiff refiled the suit, relying on section 24 of the limitations act. Defendant filed an answer and a third-party complaint. Thereafter, it served notice of a motion to withdraw its answer so it could file a motion to dismiss the complaint. This was allowed and defendant, in a sworn petition, recited the procedural history of the suit, including the three dismissals and the refusal to reinstate. Defendant contended that (1) the 2-year statute of limitations had expired, thus barring the refiling of the suit; and (2) that section 24, under the circumstances of this case, was not applicable to the suit that was refiled. The motion was heard; and thereafter, the court entered an order finding that (1) plaintiff had failed to exercise due diligence in prosecuting her original suit; (2) section 24 was inapplicable to the facts of this case. The suit was dismissed with prejudice. It is this order that gave rise to the issue presented.

In resolving the issue, we begin by observing that plaintiff's suit was an action to recover damages for injuries to the person. At the time of the incidents alleged in the complaint, our law required that plaintiff commence her suit within 2 years after her cause of action accrued. (*Doerr v. Villate*, 74 Ill.App.2d 332, 220 N.E.2d 767; Ill. Rev. Stat. 1967, ch. 83, par. 15.) The cause of action in this case accrued on February 29, 1968, the day plaintiff was allegedly injured; the suit was refiled on May 18, 1973. Therefore, the 2-year period of limitations had run. (Compare *Casillas v. Rosengren*, 86 Ill.App.2d 139, 229 N.E.2d 141.) But the dismissal which gave rise to the refiling was entered of record on February

---

[2] In plaintiff-appellant's brief and argument, the issue is phrased to present the question whether the trial court erred in dismissing the suit because it was barred by the statute of limitations. Our examination of the dismissal order convinces us that the suit was not dismissed because it was barred by the statute of limitations applicable to the original cause of action. Therefore, this aspect of the issue which plaintiff presents is not before us. See *Federal Savings & Loan Insurance Corporation v. Quinn*, 81 Ill.App.2d 299, 225 N.E.2d 693; *Gorin v. McFarland*, 80 Ill.App.2d 398, 224 N.E.2d 615.

28, 1973. Therefore, the case before us was filed well within the 1-year temporal restrictions of section 24. (*Patrick v. Burgess Norton Mfg. Co.,* 56 Ill.App.2d 145, 205 N.E.2d 643 (abstract opinion); compare *Skolnick v. Martin,* 98 Ill.App.2d 166, 240 N.E.2d 296; *Factor v. Carson, Pirie Scott & Co.* (7th Cir. 1968), 393 F.2d 141; see Ill. Rev. Stat. 1971, ch. 83, par. 24a.) And it appears without question that dismissal of the original suit was expressly "* * * for want of prosecution," as contemplated by the applicable provisions of the Limitations Act. Compare *Keilholz v. Chicago & North Western Railway Co.,* 59 Ill.2d 34, 319 N.E.2d 46.

■■ The statute with which we are concerned provides, in its pertinent part, that "[i]n the actions * * * where the time for commencing an action is limited, * * * whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff * * * may commence a new action within one year * * * after * * * the action is dismissed for want of prosecution." In *Roth v. Northern Assurance Company,* 32 Ill.2d 40, 203 N.E.2d 415, it was said that "[t]he plain purpose of section 24 is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." (32 Ill.2d 40, 48.)[3] No fixed rule for application of this statute has been or can be stated. Whether in a given instance it authorizes the refiling of a suit depends on the history of the litigation and whether that history is compatible with the object, spirit, meaning and letter of the statutory provision. (See *Ray v. Bokorney,* 133 Ill.App.2d 141, 272 N.E.2d 836.) Procedural history of a case is, of course, shaped by the fact that courts of this State have always possessed inherent power to dismiss suits for want of prosecution. (*Sanitary District v. Chapin,* 226 Ill. 499, 80 N.E. 1017.) And the effect of exercise of this power is now controlled by a supreme court rule. *Brainerd v. First Lake County National Bank of Libertyville,* 1 Ill.App.3d 780, 275 N.E.2d 468; see Supreme Court Rule 273, Ill. Rev. Stat. 1971, ch. 110A, par. 273.

In this case, plaintiff's original suit was dismissed for want of prosecution three times and refused reinstatement on the third occasion. Implicit in this refusal was a determination, one made in the exercise of the trial court's discretion, that plaintiff was not diligent in prosecuting her suit. The order making this determination was final and appealable. (*Trojan v. Marquette National Bank,* 88 Ill.App.2d 428, 232 N.E.2d 160.) But plaintiff did not appeal that order. Instead, 65 days later, she refiled her

---

[3] Section 24 was amended 3 years after *Roth* was decided, but the amendment did not affect that decision. The principal issue in *Roth* was whether section 24 could be invoked to authorize the refiling of a suit that had been dismissed for want of subject matter jurisdiction in a federal court. See *Sachs v. Ohio National Life Insurance Co.* (7th Cir. 1942), 131 F.2d 134.

suit. Then, on defendant's motion, the trial court dismissed it, with prejudice, because it found that plaintiff had "* * * failed to exercise due diligence in the prosecution of the initial law suit * * *."

■■ Plaintiff argues that the three dismissals for want of prosecution, standing alone, do not show the extreme, self-initiated delay which courts have held to be incompatible with the purpose and legislative intent expressed in section 24. She insists that the dismissals, the reinstatements and the refiling of her suit do not show the brandishing of section 24 as a weapon of aggression to secure another offensive effort against the defendant in this case. (See *Tidwell v. Smith*, 57 Ill.App.2d 271, 205 N.E.2d 484.) In our judgment, however, the dismissals, and plaintiff's failure to appeal the denial of reinstatement, are not indicative of the diligence required of a plaintiff who, in good faith, invokes the jurisdiction of our courts and seeks the trial of a cause on its merits. See *Bender v. Schallerer*, 9 Ill.App.3d 951, 293 N.E.2d 411.

■■ It is now clear that section 24 of the limitations act is not a statute that confers an absolute right to refile a suit after it had been dismissed for want of prosecution. (*Brown v. Burdick*, 16 Ill.App.3d 1071, 307 N.E.2d 409.) Rather, it is a statute that was enacted to aid diligent litigants whose opportunity for a hearing on the merits of a suit is frustrated by some technicality of procedure. (See *Roth v. Northern Assurance Company*, 32 Ill.2d 40, 203 N.E.2d 415; *Cook v. Britt*, 8 Ill.App.3d 674, 290 N.E.2d 908; *In re Estate of Breault v. Feigenholtz*, 113 Ill.App.2d 356, 251 N.E.2d 910.) This statute is not a refuge for litigants whose suits are dismissed because of negligence or dilatory tactics. (*Quirino v. Chicago Tribune-New York News Syndicate, Inc.*, 10 Ill.App.3d 148, 294 N.E.2d 29.) Therefore, the trial court did not err in ruling, after being informed of the procedural history of this one, that section 24 did not apply to a case that had been the subject of dismissals for want of prosecution and denied reinstatement. The order is affirmed.

Affirmed.

DOWNING, P. J., and HAYES, J., concur.