(No. 48625.—

RONALD FRANZESE, Appellant, v. ALBERT J.
TRINKO, Appellee.

*Opinion filed March 23, 1977.*

A. J. Hardiman, of Chicago, for appellant.

Hall, Meyer, Fisher, Holmberg & Snook, of Waukegan (Myron J. Hall, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

On May 1, 1972, plaintiff, Ronald Franzese, filed an action against defendant, Albert J. Trinko, in the circuit court of Lake County seeking to recover damages for personal injuries allegedly sustained on May 14, 1970. On November 21, 1973, the circuit court entered the following order: "Pursuant to Special Call of the Docket, On Court's own Motion, Cause dismissed for want of prosecution." On October 31, 1974, plaintiff refiled the action. Defendant moved to dismiss, and the circuit court, finding "That the Plaintiff herein has failed to act with diligence in refiling of this lawsuit, previously filed under case number 72 L 173, and that the actions of the Plaintiff fall within the exception of extreme and self-initiated delay to Section 24 of the Limitations Act, Chapter 83, Illinois Revised Statutes," dismissed the suit. Plaintiff appealed, the appellate court affirmed (38 Ill. App. 3d 152), and we allowed plaintiff's petition for leave to appeal.

Plaintiff contends that section 24 of "An Act in regard to limitations" (Ill. Rev. Stat. 1973, ch. 83, par. 24a) "clearly and unqualifiedly gave the plaintiff this right to refile" within one year of the dismissal for want of prosecution. Citing a number of authorities (*Sandman v. Marshall Field & Co.,* 27 Ill. App. 3d 427; *Brown v. Burdick,* 16 Ill. App. 3d 1071; *Quirino v. Chicago Tribune-New York News Syndicate, Inc.,* 10 Ill. App. 3d 148; *Ray v. Bokorney,* 133 Ill. App. 2d 141; *Tidwell v. Smith,* 57 Ill. App. 2d 271) defendant contends that the statute does not provide an absolute right to refile. He argues that it was not the legislative intent to create an absolute right to refile within one year, that to so interpret the statute would be contrary to its spirit and intent, and

that when there exists a conflict between the letter and the spirit of a statute, the latter must prevail.

At the time in question section 24, in pertinent part, provided:

> "In the actions specified in this Act *** where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution." Ill. Rev. Stat. 1973, ch. 83, par. 24a.

It is true that a number of decisions of the appellate court have held, as did the appellate court here, that "The object of the statute is to aid 'the diligent suitor' whose opportunity for the hearing on the merits has been frustrated by technical procedures [citation], but it does not confer an absolute right to refile a suit within 1 year after it has been dismissed for want of prosecution. [Citations.] 'Section 24(a) was not intended as a refuge for the negligent but only as an aid for the diligent.' [Citations.]" (38 Ill. App. 3d 152, 155.) This line of decisions stems from *Tidwell v. Smith,* 57 Ill. App. 2d 271, wherein, in discussing section 24, the court said:

> "Plaintiff urges that the trial court erred in dismissing his complaint filed pursuant to section 24. We believe that plaintiff comes within the letter, but not within the spirit and intent of this section. It is a remedial section which seeks to protect a plaintiff, who brings an action in good faith, from complete loss of relief on the merits because of a procedural defect. It reflects a legislative intent to afford the plaintiff an opportunity to try his case on the merits. [Citations.]
> * * *

In construing a statute, courts should look to the object and purpose to be subserved by the statute; the intent should be determined more from consideration of such general objects and purposes than from the technicalities of definition. [Citations.]

The spirit of a statute will control over the letter of the enactment where there is a conflict. [Citations.] A situation or thing that is within the letter is not regarded as within the statute unless also within its object, spirit and meaning." 57 Ill. App. 2d 271, 273-75.

The basis of the rationale of *Tidwell* appears to be the quotation, with approval, in *Roth v. Northern Assurance Co.,* 32 Ill. 2d 40, 46, of language from *Gaines v. City of New York* (1915), 215 N.Y. 533, 109 N.E. 594. Neither *Roth* nor *Gaines* involved a dismissal for want of prosecution. In both, actions previously filed in other courts had been dismissed, in *Roth* because the amount involved was insufficient to confer jurisdiction on the United States district court, and in *Gaines* because the city court of New York had no jurisdiction in actions against the city of New York. In neither opinion do we detect the embryo of the "object, spirit and intent" of section 24 subsequently unveiled in *Tidwell.*

The language of a statute must be given its plain and ordinary meaning. "It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not

mean what the plain language of the statute imports." *Western National Bank of Cicero v. Village of Kildeer,* 19 Ill. 2d 342, 350.

The language of section 24 concerning a dismissal for want of prosecution is clear and unambiguous. "Courts have no legislative powers, and their sole function is to determine and, within the constitutional limits of the legislative power, give effect to the intention of the lawmaking body. We will not and cannot inject provisions not found in a statute, however desirable or beneficial they may be." (*Droste v. Kerner,* 34 Ill. 2d 495, 504.) We find no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit all but the "diligent suitor." The judgment is reversed, and the cause is remanded to the circuit court of Lake County for further proceedings.

*Reversed and remanded.*