J. T. WHITE, JR., *et al.*, Plaintiffs-Appellants, *v.* PATRICIA TUCKER, Defendant-Appellee.

Fifth District    No. 76-520

Opinion filed October 4, 1977.

G. MORAN, J., dissenting.

Howard, Singer & Meehan, of St. Louis, Missouri, and James Williams, of East St. Louis, for appellants.

Dunham, Boman, Leskera and Churchill, of Belleville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, J. T. White, Jr. and Wanda White, appeal from an order of the Circuit Court of St. Clair County dismissing count I of their complaint on the ground that it was not filed within two years of the accrual of their cause of action, as required by section 14 of "An Act in regard to limitations" (Ill. Rev. Stat. 1975, ch. 83, par. 15).

On November 30, 1972, J. T. White, Jr., was involved in an automobile accident with the defendant. The accident occurred in St. Clair County. On September 11, 1974, plaintiffs, who live in Missouri, filed a complaint against defendant in the Circuit Court of the State of Missouri. Count I of this complaint charged that the accident between White and the defendant had been caused by the latter's negligence and requested damages for White's resultant personal injuries. The complaint stated that the accident had occurred in Illinois and that defendant was a resident of East St. Louis, Illinois. On August 27, 1975, the complaint was dismissed for want of jurisdiction under Missouri law.

Plaintiffs filed a complaint in the Circuit Court of St. Clair County on September 25, 1975. Count I of this complaint alleged the same cause of action as count I of the complaint which had previously been filed and dismissed in Missouri. On August 2, 1976, the circuit court held that count I was barred by the statute of limitations and, accordingly, granted defendant's motion to dismiss. Plaintiffs' motion to reconsider was denied and this appeal followed.

Plaintiffs contend that their cause of action was properly filed in Illinois

under section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) which, at the time relevant to this case, provided that:

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; *or if the plaintiff is nonsuited,* or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or *after the plaintiff is nonsuited* or the action is dismissed for want of prosecution."[1] Emphasis added.

In *Roth v. Northern Assurance Co.,* 32 Ill. 2d 40, 203 N.E.2d 415 (1964), plaintiff's building was damaged by fire and he instituted an action in the Federal district court against each of five insurance companies which had issued a policy insuring the premises against fire. Each of the policies required that an action brought upon it be commenced within 12 months from the date of the loss. The 12-month limitation period expired during the pendency of plaintiff's action, which was subsequently dismissed for want of jurisdiction on the ground that the claims against the defendants could not be aggregated and that none of the claims, standing alone, was for the requisite jurisdictional amount. Shortly after dismissal of his cause of action in the Federal court, plaintiff filed an action in the Circuit Court of Cook County against the same defendants, based upon the same occurrence and the same insurance policies. The circuit court dismissed plaintiff's action as barred by the contractual limitation period. On appeal, the supreme court reversed, holding that the dismissal of plaintiff's Federal action was a "nonsuit" and that plaintiff was, therefore, entitled to the benefit of the extended filing time provided by section 24. In so holding, the court quoted with approval the following reasoning employed by Mr. Justice Cardozo in interpreting a New York statute similar to section 24:

" 'The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that

---

[1] We note that section 24, as amended by Public Act 79-1358, section 19, effective October 1, 1976, no longer applies to "nonsuits." Neither party has argued that the statute as amended is applicable or may be applicable to the case at bar.

has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. This very question of the power of the City Court to determine actions against the city of New York will illustrate that truth. [Citations.] There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights.'" 32 Ill. 2d 40, 46-47, 203 N.E.2d 415, 418-19, quoting from *Gaines v. City of New York* (1915), 215 N.Y. 533, 539-40, 109 N.E. 594, 596, 1917C L. R. A. 203.

Plaintiffs in the instant case argue that because their cause of action was dismissed in Missouri for want of jurisdiction and refiled in Illinois within one year of such dismissal, it falls within the ambit of section 24, as interpreted in *Roth*. Defendant, however, relies on Cardozo's reasoning and contends that section 24 should apply after the dismissal of an action for want of jurisdiction only if the jurisdictional issue which led to the dismissal was "obscure and intricate" or, regardless of the complexity of the jurisdictional issue involved, if the plaintiff commenced the action with an honest but mistaken belief that he was doing so in a court of proper jurisdiction. Under defendant's reasoning, section 24 would not apply in the instant case. The jurisdictional issue which led to the dismissal of plaintiffs' cause of action in Missouri was simple, and plaintiffs can hardly contend that they mistakenly believed that the Missouri court possessed jurisdiction, as their complaint stated that the cause of action arose in, and that defendant was a resident of, Illinois. In fact, the conclusion seems inescapable that plaintiffs intentionally filed their complaint in the wrong jurisdiction because they felt the Missouri courts would afford them a more favorable forum and that if for some reason their action was dismissed, they could refile in Illinois.

■■ In considering defendant's interpretation of the *Roth* case, we must note initially that the jurisdictional question involved there was not "obscure and intricate." In order to state a Federal cause of action, the plaintiff in *Roth* attempted to aggregate separate claims against five insurance companies based upon five separate insurance policies. The law was well settled at that time that this was improper. (See *Ex parte Phoenix Insurance Co. of London England*, 117 U.S. 367, 29 L. Ed. 923, 6 S. Ct. 772 (1886), and cases cited in *Jewell v. Grain Dealers Mutual Insurance Co.*, 290 F.2d 11 (5th Cir. 1961); see also *Dendinger v. Maryland Casualty Co.*, 302 F.2d 850 (5th Cir. (1962); *Fratto v. Northern Insurance Co.*, 242 F. Supp. 262 (W.D. Pa. 1965).) We must, therefore, reject defendant's contention in this case that section 24 applies only where the original cause of action was dismissed upon "obscure and intricate" jurisdictional grounds.

■■ Remaining for our consideration, then, is defendant's contention that a plaintiff must have commenced his original cause of action with an honest but mistaken belief that he was doing so in a court of proper jurisdiction in order to be entitled to the benefits of section 24. This interpretation of the *Roth* case is consistent with Mr. Justice Cardozo's reasoning and finds some support in subsequent case law. (See *Cook v. Britt*, 8 Ill. App. 3d 674, 290 N.E.2d 908 (1st Dist. 1972).) Moreover, defendant points out that unless the applicability of section 24 is restricted in this manner, plaintiffs could file a complaint in any jurisdiction, at any time prior to expiration of the limitation period, perhaps hoping to acquire jurisdiction over the defendant, but secure in the knowledge that the mere act of filing a complaint somewhere automatically entitles them to at least one year after dismissal in which to commence the same action in Illinois. For example, under a purely literal interpretation of section 24, plaintiffs in the instant case could just as easily have filed a complaint in Alaska only moments before expiration of the Illinois limitation period and then have refiled the same cause of action in Illinois a year after dismissal of the original suit.

■■ The primary rule in the interpretation and construction of statutes is, of course, that the intention of the legislature should be ascertained and given effect. In *Franzese v. Trinko*, 66 Ill. 2d 136, 361 N.E.2d 585 (1977), our supreme court emphasized that legislative intent must be ascertained primarily from a consideration of the statutory language itself. In the *Franzese* case, plaintiff filed a personal injury action approximately two weeks before expiration of the limitation period. More than 1½ years later, this action was dismissed for want of prosecution. More than 11 months after dismissal, plaintiff commenced a new action in reliance upon section 24. The trial court held that plaintiff had not diligently prosecuted his claim, and dismissed the action on the basis of several appellate court opinions holding that section 24 was intended to aid only the diligent suitor. (See, *e.g.*, *Sandman v. Marshall Field & Co.*, 27 Ill. App. 3d 427, 326 N.E.2d 514 (1st Dist. 1975); *Bavel v. Cavaness*, 12 Ill. App. 3d 633, 299 N.E.2d 435 (5th Dist. 1973); *Tidwell v. Smith*, 57 Ill. App. 2d 271, 205 N.E.2d 484 (2d Dist. 1965).) In all of those cases, the appellate courts had relied upon the statement of Mr. Justice Cardozo appearing in the *Roth* case. The supreme court reversed on appeal, holding that section 24 confers an absolute right to refile within 12 months of dismissal for want of prosecution. In so holding, the court pointed out that "[n]either *Roth* nor *Gaines* involved a dismissal for want of prosecution," and then explained that:

> "The language of a statute must be given its plain and ordinary meaning. 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a

consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' [Citation.]

＊ ＊ ＊We find no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit all but the 'diligent suitor.' " 66 Ill. 2d 136, 139-40, 361 N.E.2d 585, 587.

■■ In the instant case, an unreasoned application of the foregoing principles would require us to reinstate plaintiffs' cause of action, as the plain language of section 24 does not mention a "good faith" limitation on the right to refile after a nonsuit. However, it has long been the rule that the intention of the legislature is to be gathered not only from the language used in the statute, but also from the reasons for its enactment and the purposes to be thereby attained. (*People v. Dednam,* 55 Ill. 2d 565, 304 N.E.2d 627 (1973); *People ex rel. Cason v. Ring,* 41 Ill. 2d 305, 242 N.E.2d 267 (1968); *Inskip v. Board of Trustees,* 26 Ill. 2d 501, 187 N.E.2d 201 (1962).) As pointed out in *Franzese,* the judiciary may not replace plain and concise statutory language with its own chimerical ideas concerning the "spirit of the law." We do not, however, interpret the *Franzese* case to require strict application of the letter of the law where to do so would yield absurd results, obviously contrary to the intent of the legislature. As already explained, plaintiffs' interpretation of section 24 would facilitate "forum shopping" and allow circumvention of the statute of limitations. The legislature could not possibly have intended such a result.

■■ In several jurisdictions, it has been held that renewal statutes similar to section 24 do not apply where the original action which was dismissed for lack of jurisdiction was brought wilfully or with great negligence and not in good faith by the plaintiff in a court having no jurisdiction. (See Annot., 6 A.L.R.3d 1043, 1050 (1966).) We feel that section 24 must be similarly limited. Plaintiffs here were at least greatly negligent and lacking in good faith when they filed their original complaint in Missouri. Accordingly, we hold that they were not entitled to commence their action anew under section 24.

For the reasons stated above, the decision of the Circuit Court of St. Clair County is affirmed.

Affirmed.

EBERSPACHER, J., concurs.

G. J. MORAN, J., dissents.