DAVID DOTY, Petitioner-Appellant, *v.* REPRESENTATION FOR EVERY PERSON (REP) PARTY *et al.*, Respondents-Appellees.

First District (3rd Division)    No. 81-662

Opinion filed June 17, 1981.

Foss, Schuman & Drake, of Chicago (Sheldon Gardner and George C. Pontikes, of counsel), for appellant.

William J. Harte, of Chicago, for appellees.

Mr. JUSTICE WHITE delivered the opinion of the court:

On January 19, 1981, a nominating petition was filed in the clerk's office of the township of Lyons, Illinois, for a new political party, the "Representation for Every Person (REP) Party" which offered candidates for various Lyons Township offices. An objector's petition was subsequently filed by appellant, David Doty, a citizen of Lyons Township (hereinafter petitioner) on January 30, 1981. The petition alleged that the name selected for the new party was improper under sections 10—2 and 10—5 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, pars. 10—2 and 10—5) because by using the abbreviation "REP" it included the name of an established political party, the Republican Party. Following a hearing before the Lyons Township Electoral Board, the three person panel voted unanimously to overrule petitioner's objection. The Board's decision was thereafter affirmed by the circuit court of Cook County. (Ill. Rev. Stat. 1979, ch. 46, par. 10—10.1.) Petitioner now appeals from that order.

The sole issue on review is whether sections 10—2 and 10—5 prohibit the "Representation for Every Person (REP) Party" from using "REP" as a part of its political party name. Petitioner argues that the word "REP" included in the new party's name refers to the Republican party in that "REP" is a commonly accepted form of contraction for the word Republican, and therefore, the party name is prohibited by statute. Respondents argue conversely that use of the designation "REP" does not violate section 10—5 of the Illinois Election Code because said designation is not the name of an established political party.

Section 10—5 provides in pertinent part that:

"All certificates of nomination or nomination papers shall, besides containing the names of candidates, specify as to each:

* * *

(2) The party, if any, represented, expressed in not more than 5 words. However, *such party shall not bear the same name as, nor*

*include the name of any established political party as defined in this Article \* \* \*."* (Emphasis added.)

(Ill. Rev. Stat. 1979, ch. 46, par. 10—5.) An "established political party" is defined in section 10—2 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—2) as one which at the last general election for State and county officers polled for its candidate for Governor more than 5% of the entire vote cast.

We believe this case may be decided solely as a matter of statutory construction. Section 1.01 of "An Act \* \* \* in relation to the construction of the statutes \* \* \*" provides:

"All general provisions, terms, phrases and expressions shall be liberally construed in order that the true intent and meaning of the General Assembly may be fully carried out."

(Ill. Rev. Stat. 1979, ch. 1, par. 1002.) *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, is also instructive. There our supreme court recited the well-defined principles of statutory construction:

"The language of a statute must be given its plain and ordinary meaning. 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.]' " 66 Ill. 2d 136, 139, 361 N.E.2d 585, 587.

■■ Applying these principles to the instant case, we believe that the plain and ordinary meaning of the language of the statute which prohibits use of a party name that includes the name of an established political party prohibits as well including such name in any abbreviated form.

Respondents contend, however, that the name "Representation for Every Person (REP) Party" does not include the name of an established political party because "REP" has many meanings: one defining a "fabric with a distinctive crosswise rib," and the other a physics term for a certain unit of absorbed nuclear radiation. They also point out that "REP" is used as slang for the words, "reputation" and "representative."

Respondents' argument ignores the factual context in which this case arose. We recognize that the letters "REP" can have different meanings depending upon the context in which they appear. However, when used in connection with the voting process under the circumstances of this case, they are susceptible of but one interpretation, that being Republican. Petitioner argues that it is the purpose of section 10—5(2) to restrict a new political party from using the name of an established political party in order to avoid the perpetration of a fraud upon the electorate.

We agree. Accordingly, we do not believe the legislature anticipated as narrow a construction of the statute as respondents would urge us to accept. Without suggesting any intentional acts of deception on respondents' part, we find that under the facts of this case, the letters "REP" name the Republican party, an established political party, and thus fall directly within the statutory prohibition. As such, the abbreviation cannot be included on respondents' certificate of nomination.

Accordingly, the decision of the circuit court of Cook County is reversed.

Reversed.

RIZZI, P. J., and McGILLICUDDY, J., concur.