Jill E. GOYETTE

v.

Tina SUPRENANT.

No. 92–316–M.P.

Supreme Court of Rhode Island.

April 6, 1993.

R. Andrew Pelletier, North Smithfield, Russell A. Rosenthal, Worcester, MA, for plaintiff.

Patricia Buckley, C. Russell Bengtston, Carroll, Kelly & Murphy, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari that seeks review of a decision rendered in the Superior Court denying a motion for summary judgment based upon the statute of limitations. We reverse. The facts of the case insofar as pertinent to this appeal are as follows.

On October 18, 1991, Jill E. Goyette (plaintiff) filed an action in the Superior Court for the County of Providence based upon an automobile collision that took place on March 9, 1988, in the town of North Smithfield, Rhode Island. The plaintiff is a resident of Massachusetts. Tina Suprenant (defendant) is a resident of Rhode Island. The defendant filed a motion for summary judgment based upon the bar of the applicable statute of limitations as set forth in G.L.1956 (1985 Reenactment) § 9–1–14(b), which requires that "[a]ctions for injuries to the person shall be commenced * * * within three (3) years next after the cause of action shall accrue, and not after." It is undisputed that the Rhode Island action was filed after the expiration of the statute-of-limitations period.

However, plaintiff asserts that the running of the statute of limitations was tolled when she brought an action in the District Court of the Commonwealth of Massachusetts in February 1991. The Massachusetts action was based on injuries sustained by plaintiff as a result of the collision in North Smithfield on March 9, 1988. The Massachusetts action was filed within the period of three years as required by the Rhode Island statute of limitations. Thereafter, counsel for defendant filed a motion to dismiss the Massachusetts action for lack of subject-matter jurisdiction. On June 25, 1991, the Massachusetts action was dismissed by order of the District Court for lack of subject-matter jurisdiction.[1] The parties are in disagreement concerning whether this dismissal order was entered by agreement of the parties or whether plaintiff simply did not contest defendant's motion, but the order was the independent act of the court. We do not believe that this controversy concerning whether the dismissal was voluntary or involuntary needs to be determined by us in light of our overall determination of the case.

---

1. We are unable to determine the rationale of this order since the District Court of Massachusetts may well have had jurisdiction of the subject matter, as an action for personal injuries is a transitory action. However, there may have been lack of personal jurisdiction over defendant.

The plaintiff claims that the trial justice was correct in denying defendant's motion for summary judgment based upon the statute of limitations by reason of the provisions contained in § 9–1–22, which reads as follows:

"Extension of time after termination of action.—If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the claim survives, his executor or administrator, may commence a new action upon the same claim within one (1) year after the termination."

For the purposes of our opinion we shall assume without deciding that the dismissal of the Massachusetts action was not a voluntary discontinuance on the part of plaintiff. The sole question presented before us is whether the Rhode Island savings statute would give plaintiff the right to commence a new action upon her claim for personal injuries within one year after the dismissal of a Massachusetts action based upon the same occurrence. This is a question of first impression in this state.

The general rule that has been followed in a number of jurisdictions has been that similar savings statutes are only applicable in the event that an action is filed within the same jurisdiction within the period of the statute of limitations and has no application when the original suit was brought in another jurisdiction. *See, e.g., Graham v. Ferguson,* 593 F.2d 764 (6th Cir.1979); *Andrew v. Bendix Corp.,* 452 F.2d 961 (6th Cir.1971); *High v. Broadnax,* 271 N.C. 313, 156 S.E.2d 282 (1967); *Howard v. Allen,* 30 Ohio St.2d 130, 283 N.E.2d 167 (1972); *Morris v. Wise,* 293 P.2d 547, 55 A.L.R 2d 1033 (Okla.1955).

There is also a minority view that has been espoused by some jurisdictions to the effect that a savings statute will be triggered by an action filed in good faith in another jurisdiction. *See, e.g., Templer v. Zele,* 166 Ariz. 390, 803 P.2d 111 (Ariz.Ct. App.1990); *Cook v. Britt,* 8 Ill.App.3d 674, 290 N.E.2d 908 (1972); *but compare White v. Tucker,* 53 Ill.App.3d 862, 11 Ill.Dec. 636, 369 N.E.2d 90 (1977), where action was brought in another state and was dismissed for lack of jurisdiction. *See also Prince v. Leesona Corp.,* 720 F.2d 1166 (10th Cir. 1983).

Thus it can be seen that some jurisdictions hold that no action outside the forum state will toll the statute of limitations or trigger the effect of a savings statute of the forum state. A smaller number of jurisdictions hold that the savings statute will be applicable to an action brought in good faith in a state outside the forum.

We are of the opinion that the general rule states the better policy and is more in conformity with our relatively stringent application of the statute of limitations. *See Rouse v. Connelly,* 444 A.2d 850 (R.I.1982). We believe that litigants should be encouraged to bring their actions within this state during the period required by the statute of limitations. Conversely, litigants should be deterred from bringing actions in another state when jurisdiction of the person and primary jurisdiction of the subject matter rest in the State of Rhode Island. Therefore, we adopt the general rule and hold that § 9–1–22 will not be applicable to allow the bringing of a new action when the first action has been brought in a state other than the State of Rhode Island.

For the reasons stated, the petition of the defendant for certiorari is granted. The decision of the Superior Court is quashed. The papers in the case may be remanded to the Superior Court with direction to enter summary judgment on behalf of the defendant.