Ira MALONE and Charlotte Malone,
Plaintiffs–Appellants,

v.

BANKHEAD ENTERPRISES,
INCORPORATED, Defendant–Appellee.

No. 96–4020.

United States Court of Appeals,
Seventh Circuit.

Argued May 19, 1997.

Decided Sept. 9, 1997.

Jon G. Carlson, Carlson & Associates, Brian Wendler (argued), Eric J. Carlson, Carlson & Wendler, Edwardsville, IL, for Plaintiffs–Appellants.

Thomas J. Plunkert, Kathleen M. Blair (argued), Leritz, Plunkert & Bruning, St. Louis, MO, for Defendant–Appellee.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

KANNE, Circuit Judge.

This diversity case requires us to determine whether the Illinois savings statute, 735 Ill. Comp. Stat. 5/13–217,[1] permits a plaintiff to refile a tort action in Illinois within one year after the plaintiff timely filed and voluntarily dismissed the action in Missouri. We find that the Illinois savings statute does allow a plaintiff to refile such an action, but only when the plaintiff timely filed the original action under the Illinois statute of limitations. We therefore affirm in part and reverse in part.

## I. History

Ira Malone worked as a truck driver for Cassens Transport, and his job required him to load cars onto an automobile transport trailer and then move those cars from car manufacturers to car dealers. On October 18, 1991,[2] Malone was injured on the job in Odessa, Missouri while trying to release a ratchet mechanism used to tie down the cars on the transport trailer. On June 18, 1992, Malone again sustained injuries—this time in Belleville, Illinois—resulting from his use of the rachet system on the trailer.

Ira Malone also sustained injuries in a car accident in Fenton, Missouri on October 31, 1991. This time one of Malone's co-workers, James Crow, drove a truck into a vehicle in which Malone was a passenger.

On March 30, 1994, Ira Malone and his wife Charlotte filed suit against Bankhead and Crow in Scott County, Missouri, where Crow resides. Together the Malones alleged that Bankhead—the manufacturer and designer of the automobile transport trailer

---

1. This case applies 735 Ill. Comp. Stat. 5/13–217 as it existed *before* its 1995 amendment. The amendment, which applies only to causes of action accruing on or after March 9, 1995, eliminated the one-year savings provision for cases that are voluntarily dismissed—the very situation at issue in this case. *See* 735 Ill. Comp. Stat. 5/13–217 (1997) ("No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired.").

2. The Malones' brief states that the Odessa injuries occurred on August 18, 1991, but their complaint and Bankhead assert that the injuries occurred on October 18, 1991. We do not know whether the Malones' brief contains a typographical error, but our analysis does not change regardless of whether the Odessa injuries occurred in August or October. We will therefore refer to those injuries as the October 18, 1991 injuries to conform with the Malones' complaint.

that incorporated the allegedly faulty ratchet mechanism—defectively designed the trailer that caused Ira Malone's injuries on October 18, 1991 and June 18, 1992. Ira Malone brought causes of action against Bankhead for negligence, breach of warranty, strict liability, and willful and wanton conduct; he also claimed that Crow's negligence caused his injuries on October 31, 1991. Charlotte Malone alleged loss of consortium with respect to the injuries on all three dates. The actions were subsequently transferred to Mississippi County, Missouri.

The Malones voluntarily dismissed their claims against Bankhead and Crow on July 12, 1994, and then they refiled the same causes of action in St. Clair County, Illinois less than one month later on August 9, 1994. The refiled complaint, however, substituted Cassens Transport as a defendant in the place of Crow. Bankhead promptly removed this action to the U.S. District Court for the Southern District of Illinois. Bankhead also complained that Cassens Transport, an Illinois corporation, was fraudulently joined by the Malones in order to destroy diversity. The district court agreed with Bankhead and dismissed Cassens Transport.[3]

On September 12, 1996, the district court, *sua sponte*, granted summary judgment for Bankhead on the breach of warranty claims and dismissed the Malones' negligence, strict liability, and willful and wanton conduct claims, finding that these claims were barred by the statute of limitations. In doing so, the court noted that even though the Malones filed their action within one year of their voluntary dismissal in Missouri, the Illinois savings statute did not preserve these actions because the statute applies "only to causes of action originally filed in *Illinois* courts, voluntarily dismissed, and then refiled in *Illinois* courts." The district court subsequently denied the Malones' emergency motion to reconsider its ruling. On appeal, the Malones do not challenge the grant of summary judgment on their breach of war-

ranty claims and contest only the dismissal of their negligence, strict liability, and willful and wanton conduct claims.

## II. ANALYSIS

"When its jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits." *Reinke v. Boden*, 45 F.3d 166, 170 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995). In Illinois, a plaintiff must bring a personal injury lawsuit within two years of the injury. *See* 735 Ill. Comp. Stat. 5/13–202 (personal injury); *see also* 735 Ill. Comp. Stat. 5/13–213(d) (strict product liability). In this case, the two injuries allegedly caused by Bankhead occurred on October 18, 1991 and June 18, 1992. The Malones, however, did not file their claims in Illinois until August 12, 1994—after the two-year statute of limitations had run.

The Malones argue, however, that the Illinois savings statute, 735 Ill. Comp. Stat. 5/13–217, preserves their causes of action. That statute provides that if an "action is voluntarily dismissed by the plaintiff ... then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff ... may commence a new action within one year or within the remaining period of limitation, whichever is greater, ... after the action is voluntarily dismissed by the plaintiff." 735 Ill. Comp. Stat. 5/13–217. The district court found that this provision could not save the Malones' claims because it does not apply to claims originally filed in another state, voluntarily dismissed in that state, and then refiled in Illinois. We will consider the application of this provision to the causes of action arising out of the two separate accidents.

### A. The 1991 Odessa, Missouri Injuries

The Malones assert that section 5/13–217 saves their claims arising out of the 1991

---

**3.** After the district court dismissed Cassens Transport, Bankhead joined C.F. Bender, the alleged manufacturer of the ratchet mechanism, for third-party contribution. The Malones subsequently added C.F. Bender as a defendant. Upon entering the case, C.F. Bender moved to

dismiss the Malones' causes of action claiming they were time barred, and it later moved for summary judgment. The district court granted C.F. Bender's motion for summary judgment and dismissal on September 12, 1996. C.F. Bender is not a party to this appeal.

Odessa, Missouri injuries because those actions were timely filed within Missouri's five-year statute of limitations, *see* Mo.Rev.Stat. § 516.120, they were voluntarily dismissed, and they were refiled within one year in Illinois. The viability of this argument rests upon which state's statute of limitations applies to the originally-filed action. If Missouri's five-year statute of limitations applies, then the Malones filed their original claims in a timely manner and therefore kept those claims within the ambit of the Illinois savings statute. The Malones maintain that Missouri's five-year statute of limitations should apply because the 1991 injuries occurred in Missouri. If Illinois' two-year statute applies, however, then the Malones' original claims were not timely filed and they therefore fall outside the reach of the savings statute.

■■■ We must apply Illinois' two-year statute of limitations because the Malones refiled their claims in Illinois, and a federal district court sitting in diversity must apply the statute of limitations laws of the state in which it sits. *See Reinke*, 45 F.3d at 170. Moreover, the Illinois borrowing act, 735 Ill. Comp. Stat. 5/13–210, does not help the Malones because a court applying Illinois law can borrow another state's statute of limitations only when that state's limitations period is shorter than that in Illinois. *See Pucci v. Litwin*, 828 F.Supp. 1285, 1299 (N.D.Ill. 1993); *In re VMS Ltd. Partnership Sec. Litig.*, 803 F.Supp. 179, 197 (N.D.Ill.1992). In this case, Missouri's five-year limitations period is plainly longer than the two-year period in Illinois, and therefore Illinois' two-year statute of limitations must apply.

■■ Once we apply Illinois' two-year statute of limitations, the savings statute cannot help the Malones because their original lawsuit—*i.e.*, the one filed in Missouri on March 30, 1994—was filed more than two years after the injury occurred. In other words,

the Malones' causes of action based on the 1991 Odessa injuries were time-barred under Illinois law in October of 1993, long before they were ever filed in Missouri. The Malones' claims were never timely filed under Illinois law, and therefore they are out of the reach of the one-year Illinois savings provision.

As the district court noted, there is "no Illinois authority for preserving a suit that, *under Illinois law,* was not timely filed in a foreign jurisdiction." *Malone v. Bankhead Enters., Inc.*, No. 94–CV–680, at 3 (S.D.Ill. Nov. 8, 1996). We will therefore not allow the Malones to bootstrap their way into the Illinois courts by originally filing their suit after the Illinois statute of limitations had lapsed but within Missouri's longer limitations period, voluntarily dismissing that suit, and then refiling their claims in Illinois by taking advantage of Illinois' one-year savings provision.[4] *See, e.g., Stare v. Pearcy*, 617 F.2d 43, 45 (4th Cir.1980) (noting that "there would be a problem if the statute of limitations in the state of first filing was longer than that of the state of second filing and the period of the latter statute had run when the foreign action was first filed, but that is a problem which should be capable of resolution under principles of conflict of laws, or, more likely, by construing the savings statute as applying only when the first action was commenced within the period limited by the statute of the forum state"). Like the district court, we are not convinced that the Illinois legislature intended to artificially extend its statute of limitations, or that the Illinois courts would interpret its savings statute, in such an expansive manner.

### B. The 1992 Belleville, Illinois Injuries

■■ Unlike the above situation, the Malones filed their claims based on the June 18, 1992 Belleville injuries within the two-year Illinois statute of limitations.[5] However,

---

**4.** Furthermore, we fail to see how Missouri's one-year savings provision, *see* Mo.Rev.Stat. § 516.230, helps the Malones' case. Simply because the Malones could have refiled their claims in Missouri within one year after their voluntary dismissal does not change the fact that the Malones would still be bootstrapping their way into the Illinois courts via Missouri's longer statute of

limitations. Ironically, Missouri's savings statute does not operate to save a claim originally filed in another state. *See Muzingo v. Vaught*, 887 S.W.2d 693, 697 (Mo.Ct.App.1994).

**5.** The Malones agree that the Illinois two-year statute of limitations applies for the 1992 Belleville, Illinois claims, but they do so based on

they filed these claims in Missouri, not Illinois. The Malones did not refile their claims in Illinois until August 9, 1994, which obviously falls beyond Illinois' two-year statute of limitations. The question then is whether the Illinois savings statute can revive the Malones' causes of action even though their original voluntarily-dismissed claims were filed in Missouri.

The Illinois Supreme Court has not decided whether section 5/13–217 (as it existed before the 1995 amendment) saves an action that was timely filed and then voluntarily dismissed in a foreign jurisdiction. We must therefore predict how the Illinois Supreme Court would decide this issue. *See Hinkle v. Henderson*, 85 F.3d 298, 300 (7th Cir.1996); *see also Boland v. Engle*, 113 F.3d 706, 710 (7th Cir.1997).

■ The first place we look is to the language of the statute, which "must be given its plain and ordinary meaning," so that we can best surmise the intention of the legislature. *DeClerck v. Simpson*, 143 Ill.2d 489, 160 Ill.Dec. 442, 443, 577 N.E.2d 767, 768 (1991); *see Franzese v. Trinko*, 66 Ill.2d 136, 5 Ill.Dec. 262, 264, 361 N.E.2d 585, 587 (1977). The Illinois savings statute provides that if "the action is voluntarily dismissed ... the plaintiff ... may commence a new action within one year." 735 Ill. Comp. Stat. 5/13–217. Moreover, the statute does not expressly limit this language to actions originally filed and voluntarily dismissed in Illinois. *See id.* The plain language of the Illinois savings statute thus supports the Malones' position that the statute does preserve their 1992 Belleville claims.

We next look to the Illinois Supreme Court for guidance in interpreting the statute. Although that court has not expressly decided the issue before us, its decision in *DeClerck* may help in this regard. In *DeClerck*, the court held that the section 5/13–217 could not save a claim originally filed in a Missouri federal district court and later dismissed by that court for improper venue. *DeClerck*, 577 N.E.2d at 768, 771, 160 Ill.Dec. at 443,

446. *DeClerck* rejected the plaintiff's attempt to apply the savings statute because the plain, unambiguous language of the statute did not encompass refilings after dismissals for improper venue. *Id.* at 771, 160 Ill. Dec. at 446. In the present matter, however, the plain, unambiguous language of the statute covers a plaintiff's voluntary dismissal. Moreover, *DeClerck* did not limit, as it could have, the application of the statute on the grounds that Bankhead asserts here—*i.e.*, that the original claim was initially filed in another jurisdiction. The *DeClerck* court's refusal to rule against the plaintiff on this ground arguably suggests that the Illinois Supreme Court would not limit the application of the savings statute to only those cases originally filed in Illinois.

The precedent from the intermediate appellate courts in Illinois, which provides perhaps the best indication of how the Illinois Supreme Court would decide this case, *see West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236–37, 61 S.Ct. 179, 183–84, 85 L.Ed. 139 (1940), more clearly supports the Malones' position. These Illinois courts have permitted plaintiffs to refile otherwise time-barred claims in Illinois under the savings statute even though the original claims were filed in foreign jurisdictions. One intermediate appellate court recognized that the precursor to section 5/13–217 permitted a plaintiff who originally filed a personal injury claim in Georgia that was dismissed due to a procedural defect to refile that claim in Illinois even though the statute of limitations had run. *See Cook v. Britt*, 8 Ill.App.3d 674, 290 N.E.2d 908, 909, 911 (1972). Moreover, a later Illinois appellate decision expressly stated that the Illinois savings statute "applies not only to actions initially filed in Illinois, but it also applies to actions originally brought in foreign courts if the dismissal in the foreign court is equivalent to the types of dismissals enumerated in section 13–217." *Stephan v. Selvic Marine Towing Co.*, 201 Ill.App.3d 554, 147 Ill.Dec. 147, 148, 559 N.E.2d 147, 148 (1990).[6] In this case, the

Missouri's borrowing statute. *See* Mo.Rev.Stat. § 516.190 ("Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.").

6. *Stephan* ultimately determined, however, that the plaintiffs could not invoke the Illinois savings

Malones' reason for the dismissal in Missouri—*i.e.*, voluntary dismissal—is expressly enumerated in the statute.

In addition to *Cook* and *Stephan*, another Illinois appellate court decision implicitly recognized the ability of a plaintiff to refile a claim in Illinois after the running of the limitations period where the plaintiff originally filed that claim on time in a foreign jurisdiction. In *White v. Tucker*, 53 Ill.App.3d 862, 11 Ill.Dec. 636, 369 N.E.2d 90 (1977), the court held that although the Illinois savings statute arguably applied, it did not in that case because the plaintiffs negligently filed their action in Missouri without a good faith belief that Missouri had jurisdiction. *Id.* at 639–40, 369 N.E.2d at 93–94. *White* does not even hint, however, that the Illinois savings statute would be inapplicable solely because the plaintiffs filed their original timely-filed claim in another jurisdiction.

Bankhead asserts that *DeClerck, Cook, Stephan,* and *White* are distinguishable because they all involved procedural dismissals, not voluntary dismissals. Bankhead ties this distinction to the recent amendment to 735 Ill. Comp. Stat. 5/13–217 that eliminated the one-year savings provision in instances of voluntary dismissal. In that regard, Bankhead maintains that the new amendment demonstrates that the Illinois legislature does not want to permit plaintiffs to voluntarily dismiss their claims in foreign jurisdictions and then refile them in Illinois. Bankhead cannot credibly claim, however, that the intent of the Illinois legislature before 1995 was to absolutely prevent plaintiffs from dismissing their claims and refiling them because the pre–1995 Illinois savings statute expressly permitted them to do just that. Moreover, as detailed above, the pre–1995 version of the statute contains no language prohibiting a plaintiff from refiling a claim after it voluntarily dismissed that claim in a foreign jurisdiction. We will therefore not rewrite section 5/13–217 to exclude voluntary dismissals and include Bankhead's additional requirement that a dismissal must have been for a procedural defect. *See DeClerck*, 160

Ill.Dec. 442, 577 N.E.2d at 770–71 (refusing to read an additional exception into the "plain, unambiguous" savings statute).

Bankhead next argues that the Illinois Supreme Court would not follow the jurisprudence of the Illinois appellate courts because the majority of other jurisdictions do not permit savings statutes to save a case that was originally filed in a foreign jurisdiction. *See, e.g., Muzingo v. Vaught,* 887 S.W.2d 693, 695 (Mo.Ct.App.1994); *King v. Nashua Corp.,* 763 F.2d 332, 334–35 (8th Cir.1985). A "significant and growing minority" of courts, however, including the intermediate appellate courts in Illinois, have adopted "the more liberal interpretation," *see Allen v. Greyhound Lines, Inc.,* 656 F.2d 418, 420 (9th Cir.1981), reasoning that "virtually every state has a savings statute and no significant policy would be advanced by holding such a statute inapplicable to actions originally filed in sister states," *Prince v. Leesona Corp.,* 720 F.2d 1166, 1169 (10th Cir.1983). The mere fact that more courts have interpreted other states' savings statutes differently does not persuade us that the Illinois appellate courts improperly interpreted Illinois' statute.

Bankhead finally reasons that section 5/13–217 cannot be interpreted to permit a plaintiff to file a case in a foreign jurisdiction shortly before the Illinois statute of limitations expires and then refile that claim in Illinois within the additional year provided by the statute, because such a ruling would essentially extend any applicable Illinois statute of limitations by one year. The Illinois savings statute, however, permits such refilings. We admit that this extension of the limitations period might raise the specter of forum shopping, but our refusal to apply the statute to the Malones' 1991 claims demonstrates that the statute can only be used to extend the Illinois limitations period, not another state's longer statute of limitations. Moreover, the *White* case protects against any abuse of the Illinois savings statute by proclaiming that the statute would not save a case in the instance of a plaintiff's bad faith.

statute to extend the limitations period for bringing an action under the Jones Act due to a federal rule providing that "state 'saving' statutes must yield to the rule of national uniformity where an action is governed by federal law," *Stephan*, 147 Ill.Dec. at 149, 559 N.E.2d at 149. *See id.* at 150, 559 N.E.2d at 150.

*See White,* 11 Ill.Dec. 636, 369 N.E.2d at 93–94. We agree with the district court that the Malones did not exhibit bad faith in originally filing their claims in Missouri, and we reject Bankhead's tenuous arguments to show otherwise.

For these reasons, we AFFIRM the district court's dismissal of the Malones' claims arising out of the 1991 Odessa, Missouri injuries, and we REVERSE the court's dismissal of the claims arising out of the 1992 Belleville, Illinois injuries.