In the Matter of the Estate of Oscar J. Breault, Deceased.

William Joseph Breault and Bonnie Jo Ellen Kathryn Breault, Petitioners-Appellants, v. Harold L. Feigenholtz, Executor of the Will of Oscar J. Breault, Deceased, Estelle Angela Breault, Kenneth Breault and Wesley Memorial Hospital, a Corporation, and Harold L. Feigenholtz, Individually and as Trustee Under the Last Will and Testament of Oscar J. Breault, Deceased, Respondents-Appellees.

Gen. No. 53,395.

First District.

August 1, 1969.

John J. Yowell and G. Kent Yowell, of Chicago (Yowell and Yowell, of counsel), for appellants.

Hirsch E. Soble, of Chicago, for Harold L. Feigenholtz, appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

This case involves the question of whether section 24 of the Limitations Act (Ill Rev Stats 1967, c 83, par 24a) applies to a proceeding to contest a will under section 90 of the Probate Act (Ill Rev Stats 1965, c 3, par 90) where a petitioner has been nonsuited. On motion of respondent Feigenholtz the circuit court dismissed the action on the ground that section 24 did not apply and the suit was not filed in proper time.

Petitioners, by their mother as next friend and guardian, had commenced an action on July 1, 1960, in the United States District Court for the Northern District of Illinois to contest the purported will of their father, Oscar J. Breault, deceased, which had been admitted to probate in the Probate Court of Cook County on October 14, 1959. The complaint alleged undue influence of respondent, Harold L. Feigenholtz, over decedent; prayed that the instrument purporting to be his will and the probate be declared void, and that his estate be distributed among his heirs according to law.

Petitioners were citizens of Kentucky and respondents citizens of Illinois. The complaint in the district court was based upon the diversity jurisdiction of that court and alleged that the amount in controversy exceeded $10,000 exclusive of interest and costs.

Considerable other litigation has surrounded decedent's estate, arising largely out of the exercise by decedent in his will of a power of appointment given him by his mother, Kathryn Breault, over her testamentary trust. The result of such other litigation affected the status of solvency or insolvency of the Oscar J. Breault estate in the determination of whether the trust property became an asset of the estate.

On December 19, 1966, the Federal District Court, after having earlier denied a motion to dismiss for want of the jurisdictional amount, while the cause was at issue and awaiting trial, dismissed the cause for want of the jurisdictional amount. This order was affirmed by the United States Court of Appeals for the Seventh Circuit.

Subsequently, on August 17, 1967, the present action was commenced in the Circuit Court, Probate Division, in the Oscar J. Breault estate, which was within one year after the dismissal by the district court. In the instant complaint petitioners alleged the filing and dismissal of the action in the Federal District Court and the bringing of this action within one year of such nonsuit, pursuant to c 83, Ill Rev Stats 1967, par 24a, to contest the purported will on the ground of undue influence of Harold L. Feigenholtz.

Respondent Feigenholtz filed motions to dismiss on the grounds: First, that section 24 of chapter 83 was inapplicable to a proceeding to contest a will filed pursuant to section 90 of the Illinois Probate Act; second, that plaintiffs (petitioners) were not "interested persons" under section 90 of the Illinois Probate Act since the estate was insolvent and they were deprived of nothing by the will; and third, that the cause of action filed in

the circuit court was not the same action as had been commenced in the Federal District Court. The circuit court sustained the first grounds and denied the others. Plaintiffs appealed and respondent Feigenholtz cross-appealed.

■ An action to contest the validity of a will is a statutory action and can be exercised only in the manner and within the limitations prescribed by statute. In re Estate of King, 91 Ill App2d 342, 235 NE2d 276 (1st Dist 1968); McQueen v. Connor, 385 Ill 455, 53 NE2d 435 (1944).

At the time the will contest was commenced in the Federal Court on July 1, 1960, section 90 of the Illinois Probate Act read as follows:

> "Within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will. . . ." (Ill Rev Stats 1959, c 3, par 242.)

At the time the present action was filed in the circuit court on August 17, 1967, said section 90 read as follows:

> "Within 9 months after the admission to probate of a domestic or foreign will in any court of this State, any interested person may file a petition in the proceeding for the administration of the testator's estate to contest the validity of the will. . . ." (Ill Rev Stats, c 3, par 90).

That the action to contest the will on the ground of undue influence was filed in the Federal District Court within the required statutory period for filing a will contest set forth in section 90 of the Illinois Probate Act, is self-evident. However, at the time of the Federal

District Court nonsuit and dismissal the nine months' period had expired.

The Limitations Act (Ill Rev Stats 1967, c 83, § 1, et seq.) prescribes time limitations within which civil actions may be brought, except those otherwise provided for. Prior to 1959, section 24 of the Limitations Act provided that a plaintiff who had been nonsuited "In any of the actions specified in any of the sections of this act, . . ." could commence a new action within one year after being nonsuited. (Ill Rev Stats 1957, c 83, par 24a.) However, in 1959, this section was amended by the Legislature and since such amendment provides that a plaintiff who has been nonsuited "In any of the actions specified in any of the sections of this act or any other act or in any contract where the time of commencement of any action is limited, . . ." may commence a new action within one year after being nonsuited. (Ill Rev Stats 1959, c 83, § 24).

Prior to the 1959 amendment the Second District Appellate Court, in Peacock v. Churchill, 38 Ill App 634 (1890), construing section 7 of the Wills Act of 1872 in the light of the then wording of section 24 of the Limitations Act (Ill Rev Stats, c 83, § 25 at that time), held that the provision of the Limitations Act did not apply so as to permit commencement of a new will-contest action within one year after nonsuit. While that case stated that the statute providing for the contest of a will is a jurisdictional statute, it also recognized that "If the Legislature had designed any exceptions like the one here contended for, it certainly would have so framed the statute as to provide for them, or have passed some other remedial statute." (38 Ill App at 638.)

The appellees assert that the recent opinion of the Illinois Supreme Court in Ruffing v. Glissendorf, 41 Ill2d 412, 243 NE2d 236 (1969), virtually disposes of this appeal. We do not agree. In Ruffing (at 419 (243 NE2d at 240)), the Supreme Court did hold:

". . . that the time limitation in section 90 of the Probate Act is jurisdictional and is not tolled by fraudulent concealment or by any other fact not expressly provided for by the statute." . . .

The facts in that case, however, were that no will contest was begun within the time limitation of section 90 of the Probate Act. The review sought in that case under section 72 of the Practice Act (Ill Rev Stats 1965, c 110, par 72), did not involve the issue here of the application of section 24 of the Limitations Act.

In Nupnau v. Hink, 33 Ill2d 285, 211 NE2d 379 (1965), the Supreme Court held that a complaint to contest a will filed within the statutory nine-month period but failing to join all heirs as parties defendant, was sufficient to confer jurisdiction. The court there observed that jurisdiction was invoked when a complaint was filed within the statutory period.

██ Section 24 is a remedial statute which should be liberally construed. Its purpose and proper construction was clearly shown in Roth v. Northern Assur. Co., 32 Ill2d 40, 203 NE2d 415, 16 ALR3d 442 (1965), where our Supreme Court, at 42 (203 NE2d 416, 16 ALR3d 446) quoted with approval from Sachs v. Ohio Nat. Life Ins. Co., 131 F2d 134, 137 (7th Cir 1942) that, " 'The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits and it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction. . . .' " No other logical or intelligible meaning can be ascribed to the language added by the 1959 amendment, "or any other act," than that the Legislature was expanding the benefit of section 24 to all civil actions authorized by any statute "where the time of commencement of any action is limited, . . . ."

██ In our opinion the plain purpose of section 24, as said in the Roth case, supra at 48 (203 NE2d at 419,

16 ALR3d at 449), "is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. . . ." Where the plaintiff has commenced his suit timely, but thereafter is nonsuited, the usual policy of early presentation of claims and timely closing of decedents' estates does not counterbalance the public policy that every claimant shall in the interest of justice and fair play have his cause determined on its merits. The Legislature, by the amendment, clearly has expressed its choice of policies. It has determined to permit filing actions in the particular circumstances enumerated by the statute.

■ The cross-appeal from that part of the order denying the motion to dismiss on the ground that plaintiffs are not interested persons and on the ground that this is a different action than the action originally commenced in the United States District Court, is both improper and without merit. Had the circuit court denied the motions to dismiss in toto, defendant (respondent) could not have appealed since there would have been no final order. (Supreme Court Rules 301 and 304 (Ill Rev Stats 1967, c 110A, §§ 301 and 304).) There is, therefore, no right to defendant of cross-appeal from the parts of the order from which he cross-appeals, as these rulings did not determine the issues on the merits. Hence, the cross-appeal must be dismissed.

Cross-appeal dismissed; cause reversed and remanded with directions to proceed in accordance with this opinion to answer and trial on the merits.

TRAPP, P. J. and SMITH, J., concur.