MARIE KRISTAN, Adm'r of the Estate of Charles Steven Kristan, Deceased, Plaintiff-Appellant, *v.* BELMONT COMMUNITY HOSPITAL, Defendant-Appellee.

First District (1st Division)    No. 62160

Opinion filed August 8, 1977.

Louis M. March, of Chicago, for appellant.

Kirkland & Ellis, of Chicago (Gary M. Elden and Joel F. Handler, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The problem presented by this record requires most careful examination of section 24 of the Limitations Act. (Ill. Rev. Stat. 1975, ch. 83, par. 24a.) The decedent, Charles Steven Kristan, became a patient at the Belmont Community Hospital (defendant) on March 9, 1967. On that same day, he died in the hospital. On March 3, 1969, Marie Kristan (plaintiff) was appointed administrator of his estate. On March 7, 1969, plaintiff filed an action for wrongful death on the theory that medical malpractice by defendant was the cause of death. On October 5, 1972, on the regular call of cases for trial, the suit was dismissed for want of prosecution.

On September 11, 1973, plaintiff filed a new suit restating the same cause of action. Defendant filed an answer to the complaint. Approximately one year and five months later, defendant also filed a motion to dismiss the new complaint on the theory that it had not been filed within the statutory period of two years contained in the wrongful death statute. (Ill. Rev. Stat. 1975, ch. 70, par. 2(c).) The trial court granted the motion and dismissed the suit with prejudice. Plaintiff has appealed.

In this court, plaintiff contends that section 24 of the Limitations Act authorized the filing of the second action within one year after the dismissal of the initial suit for want of prosecution and that the filing of defendant's answer, never withdrawn, was a waiver of defendant's right to attack the complaint for insufficiency. Defendant urges that section 24 of the Limitations Act does not apply to actions brought under the Illinois Wrongful Death Act; since the technical objection regarding filing of defendant's answer was not raised in the trial court, it was waived and

that the order appealed from should be affirmed in any event because commencement of the Wrongful Death Act within the two year statutory period was a substantive element in plaintiff's alleged cause of action and therefore a condition precedent to recovery.

Section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) provides:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if * * * the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after * * * the action is dismissed for want of prosecution."

This statute was recently the subject of two supreme court decisions which require comment. In *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, the circuit court dismissed a personal injury action which had been refiled after dismissal of a previous identical suit for want of prosecution. This court affirmed *Franzese v. Trinko* (1976), 38 Ill. App. 3d 152, 347 N.E.2d 844. The supreme court reversed those decisions. The court held that the language of section 24 "must be given its plain and ordinary meaning" and that the statute is "clear and unambiguous." (66 Ill. 2d 136, 139, 40.) The court refused to graft upon this section of the Limitations Act any intent to refuse suitors who might have been lacking in diligence the beneficial remedy offered by the statute.

Shortly thereafter, in *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796, the circuit court dismissed a suit for personal injuries similarly filed under the authority of section 24. This court affirmed *Aranda v. Hobart Manufacturing Corp.* (1976), 35 Ill. App. 3d 902, 342 N.E.2d 830. The supreme court held that since the previous action "was dismissed for want of prosecution plaintiff clearly had the right to refile * * * within the time specified in section 24." (66 Ill. 2d 616, 620.) In a special concurring opinion, Mr. Justice Dooley pointed out that section 24 was remedial and therefore should be liberally construed. In this regard, the court cited additional authorities which hold a liberal rule of construction should be applied so that a plaintiff may have an opportunity to try his case on its merits. The court cited *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540, and *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415.

■■ A most careful reexamination of section 24 convinces us that it should be applied to actions brought under the wrongful death statute. Section 24 was amended a number of times before it attained its present

form. The particular words "or any other act or in any contract where the time of commencement of any action is limited" were added by an amendment approved July 17, 1959. (See 1959 Ill. Laws 1460.) In 1967 the statute was further amended by inserting the words which now remain, "or the action is dismissed for want of prosecution." At that time the phrase "if the time limited for bringing such action shall have expired" was altered to its present form "whether or not the time limitation for bringing such action expires." These amendments were accomplished by an act approved May 25, 1967. See 1967 Ill. Laws 615.

These amendments indicate a steady progression by the legislature in liberalizing this remedial piece of litigation by expanding the field of its operation. The 1967 amendment specifically covers the situation in the case before us in which the original action was dismissed for want of prosecution. The important language added in 1959 greatly enlarged the scope of this section so as to cover "any other act or contract where the time of commencement of any action is limited."[1] The use of the words "or contract" is important because it evidences an intention by the legislature to make the beneficial effect of the statute available even in cases where the time for bringing an action is limited by plaintiff's own contract.

■■ Other thought and analysis confirms the position that the wrongful death action is within this section. It is correct, as defendant urges, that the statement of the time within which a cause of action for wrongful death must be filed is considered a condition precedent to the right to sue rather than a pure statute of limitations. The pertinent statute uses the language, "Every such action shall be commenced within 2 years after the death of such person." (Ill. Rev. Stat. 1975, ch. 70, par. 2(c).) Defendant cites a number of authorities which support this theory. In *Wilson v. Tromly* (1949), 404 Ill. 307, 310, 89 N.E.2d 22, the court held that the time fixed in the statute "is a condition of liability, and operates as a limitation of the liability itself, and not the remedy alone." In *Country Mutual Insurance Co. v. National Bank* (1969), 109 Ill. App. 2d 133, 139, 248 N.E.2d 299, this court held that the wrongful death action is wholly statutory and that the requirement of bringing the action "within the specified time is a condition attached to the right to sue and is not merely a statute of limitations." The court pointed out that unlike a general statute of limitations, the time requirement was "a condition of the statute of any right to liability whatsoever."

However, we find no inconsistency between the wrongful death statute as thus construed and the result that section 24 of the Limitations Act is

---

[1] The present phrasing of this clause "or any other act or contract where the time for commencing an action is limited" was accomplished by the act approved May 25, 1967. See 1967 Ill. Laws 615.

operative here. In *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 125, 302 N.E.2d 64, the supreme court cited *Geneva Construction Co.*, to the effect that, "the policy attendant to statutes of limitation is to provide defendant a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. (4 Ill. 2d at 289-90.)" The same thought is expressed in *Roth*, where the court pointed out that the purpose underlying section 24 is the same purpose behind section 46 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46) which is to afford every defendant a fair opportunity of investigating the circumstances based upon which plaintiff wishes to impose liability. 32 Ill. 2d 40, 49.

Thus, even though we reason from the premise that the wrongful death action incorporates a time limit as a condition precedent to liability, it must be conceded here that plaintiff in the instant case has complied with this condition precedent and brought the original action here on March 7, 1969, within the prescribed period of two years after the alleged wrongful death. Thus, plaintiff here is in position of having complied with the statutory condition precedent as regards time of commencing the action and defendant has not been deprived of the desirable protection of having been alerted to the attempt to impose the liability upon it by the filing of the original suit within the statutory period.

This argument is strongly supported by necessary implication in *Wilson*. There, the wrongful death occurred September 7, 1946. An administrator filed suit for damages resulting from this death on September 4, 1947. More than one year after the occurrence, a defendant filed a counterclaim alleging wrongful death. The supreme court held that this counterclaim was properly dismissed because the counterclaimant would have been barred from asserting his cause of action if he had brought a separate independent suit. (The time limitation expressed in the Wrongful Death Act was then one year.) In *Wilson*, the counterclaimant had never complied with the condition precedent essential to his action within the stated time period. By complete contrast, in the case before us, as shown, this plaintiff has complied with the condition by bringing the original action within the requisite time period.

Strong arguments by way of analogy support the above reasoning. In *Halberstadt*, the supreme court held that an administrator could add a new party-defendant to a pending suit for wrongful death by way of an amendment to the complaint where the cause of action asserted against the new party in the amended pleading grew out of the same transaction or occurrence alleged in the original pleading. (55 Ill. 2d 121, 125.) In other words, the supreme court applied the remedial provisions of section 46 of the Civil Practice Act to an action brought under the wrongful death statute. In the case before us, we would act along similar lines if we

applied the remedial effect of section 24 of the Limitations Act to the wrongful death statute.

Similarly, in *Waller v. Cooper* (1964), 49 Ill. App. 2d 482, 200 N.E.2d 105, this court applied the remedial shelter of section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)) to the Wrongful Death Act. There, plaintiff filed a complaint for wrongful death within the two year jurisdictional period. However, the complaint was defective for failure to allege who were the next of kin and their pecuniary loss. The trial court dismissed the cause of action but this court, after analysis of many authorities, applied section 46(2) of the Civil Practice Act and directed that the amendment be filed.

Along similar lines a proceeding to contest a will was filed in the United States District Court within the time limitation of nine months stated by the Probate Act (Ill. Rev. Stat. 1959, ch. 3, par. 242). The cause of action was dismissed for lack of the jurisdictional amount. After expiration of the limitation period, but within one year after disposition of the original action, a new suit was filed in the circuit court. The circuit court dismissed the suit. This court reversed on the theory that section 24 of the Limitations Act, granting the additional one-year period and being a remedial statute, should be construed to apply. *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 251 N.E.2d 910.

We therefore hold that section 24 is operative to permit refiling within its scope of an action for a wrongful death which had previously been dismissed for want of prosecution.

We note especially that we reach the within result largely upon the authority of *Franzese* and *Aranda* both decided by the supreme court in 1977, months after the entry of the order herein involved by the erudite and conscientious trial judge.

The judgment of dismissal is accordingly reversed and the cause remanded for further proceedings consistent with the above opinion.

McGLOON and LINN, JJ., concur.