THE PEOPLE *ex rel.* CHERISSE L'MINGGIO, Plaintiff-Appellant, *v.* CAESAR ALLEN PARKER, Defendant-Appellee.

First District (2nd Division)   No. 78-553

Opinion filed October 24, 1978.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellant.

Benjamin Daidone, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from the dismissal of a complaint with prejudice. The issue is whether section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) applies to permit the filing of a new paternity action within one year after the initial action was voluntarily dismissed by the plaintiff, where the two-year limitation period on paternity actions has expired in the interim.

On June 7, 1974, appellant gave birth to a child. Within two years of the birth of the child, on December 19, 1975, appellant initiated a paternity action against appellee. On July 21, 1977, appellant's motion for a voluntary nonsuit was granted. On August 25, 1977, appellant's motion to vacate the voluntary nonsuit order and to reinstate the action was denied, whereupon, on August 29, 1977, more than two years after the birth of the child, but within one year of the voluntary nonsuit, appellant commenced a new paternity action against appellee containing the same averments as the initial complaint.

Appellee has always been within the jurisdiction from the date of birth of the child to the present and has never acknowledged paternity nor contributed to the support, maintenance, or education of the child.

On October 18, 1977, appellee moved to dismiss the action, contending that it was barred because it was not filed within the two-year period specified in section 4 of the Paternity Act (Ill. Rev. Stat. 1975, ch. 106 3/4, par. 54) (current version at Ill. Rev. Stat. 1977, ch. 40, par. 1354). After a hearing the court granted the motion and dismissed the action with prejudice.

Section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) provides in pertinent part:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if * * * the action is voluntarily dismissed by the plaintiff, * * * then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater, * * * after the action is voluntarily dismissed by the plaintiff * * *."

Appellant contends that this section by its terms authorized the filing of the second action within one year after the voluntary nonsuit of the first, even though the two-year limitation period on paternity actions expired during the pendency of the first action.

Initially we note that section 24 has been the subject of a series of liberalizing amendments. The words "or any other act or in any contract where the time of commencement of any action is limited" were added by an amendment approved July 17, 1959 (1959 Ill. Laws 1460).[1] In 1967 the statute was amended to cover dismissals for want of prosecution and the phrase "if the time limited for bringing such action shall have expired" was altered to its present form "whether or not the time limitation for bringing such action expires." (Act of May 25, 1967, 1967 Ill. Laws 615.) Finally, section 24 was amended in 1976 to allow the commencement of a new action if the original action "is voluntarily dismissed by the plaintiff." 1976 Ill. Laws 743.

Appellee's first argument, that a plaintiff who voluntarily dismissed his case should not be restored to the position that he abandoned, completely ignores this most recent amendment. The cases cited by appellee were all decided prior to the 1976 amendment and cannot apply in the face of the legislature's express intent to extend the beneficial effect of section 24 to plaintiffs who have voluntarily dismissed their actions.

Appellee's next argument is more substantial. Appellee contends that section 24 does not apply to actions brought under the Paternity Act. Appellee argues that this result is compelled by the fact that the two-year

---

[1] The present phrasing of the clause "or any other act or contract where the time for commencing an action is limited" was accomplished by Act of May 25, 1967, 1967 Ill. Laws 615.

limitation period in the Paternity Act has been held to be substantive, rather than remedial, and has therefore been construed as a condition of the right to maintain the statutory action, rather than an ordinary statute of limitations.

We are aware of our supreme court's pronouncements to this effect in *Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447, and *Brown v. Box* (1967), 38 Ill. 2d 80, 230 N.E.2d 204. However, the advent of *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, and *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796 (both opinions filed March 23, 1977), has persuaded this court, as it did our brethren in *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068, in the context of the Wrongful Death Act, that section 24 is operative to permit the filing of a new action.

In *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, the Illinois Supreme Court rejected several appellate court decisions which had refused to apply section 24 to plaintiffs deemed not sufficiently diligent. The court held that the language of section 24 "must be given its plain and ordinary meaning," that the language was "clear and unambiguous," and that there was "no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit all but the 'diligent suitor.' " 66 Ill. 2d 136, 139-40.

Shortly thereafter, in *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796, the court reversed the dismissal of an action similarly filed under the authority of section 24, holding that the language of the section clearly gave the plaintiff the right to refile his action. In a specially concurring opinion, Justice Dooley stated that section 24 was remedial and therefore should be liberally construed. He particularly emphasized "that the language of the statute was precise and complete—facts which required the rejection of any additional requirements a court might judicially impose." 66 Ill. 2d 616, 623 (Dooley, J., concurring).

Applying these rules of construction, we find that section 24 clearly applies to permit appellant to refile her action. The section by its terms covers not only "actions specified in this Act," the Limitations Act, but also, by explicit amendment, actions under "any other act * * * where the time for commencing an action is limited." The phrase necessarily refers to acts, such as the Paternity Act, which contain their own time limitations, though in other contexts they have been interpreted as substantive. In the words of the court in *Franzese*, in view of the plain language of the statute, "[w]e find no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit" all those actions whose limitation periods are characterized as substantive. 66 Ill. 2d 136, 140.

Authority for this interpretation is also found in the decisions of this

court. In the case of *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 251 N.E.2d 910, the court held that the legislature had clearly expressed its desire, in the 1959 amendment, that section 24 apply to will contest actions under the Probate Act, although the statute's time limitation period had been construed as substantive.

More recently, in *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068, the court, relying in part upon the *Franzese* decision discussed above, held that section 24 applied to actions under the Wrongful Death Act, although the limitation period in that statute had also been interpreted as substantive. The court was also of the opinion that there was no necessary inconsistency with the distinction reiterated in *Cessna* because in *Kristan*, as in the case at bar, the plaintiff had filed her original action within the statutory period, which, the court felt, could be regarded as compliance with the statutory time limitation. While we note that section 24 specifies that the plaintiff "may commence a new action" and that in both *Kristan* and this case the "new action" was commenced after the time limitation had expired, we agree that the timely filing of the original action at least operated to give the defendant notice of his potential liability within the statutory time period.

Moreover, we note that the court in *Cessna* itself departed from the substantive-remedial distinctions, remarking:

> "While these observations may hold true for some statutes or for some purposes, we are not constrained to apply them to prevent the application of an estoppel doctrine in a paternity action." (63 Ill. 2d 71, 87.)

Similarly, we do not feel that the distinctions compel a different result here in view of the legislature's express extension of section 24 to actions under "any other act * * * where the time for commencing an action is limited."

We therefore hold that section 24 is operative to permit appellant to refile her paternity action. The order of dismissal is accordingly reversed and the cause remanded with directions to allow the filing of the complaint.

Reversed and remanded with directions.

DOWNING and BROWN, JJ., concur.