## CIRCUIT COURT OF WARREN COUNTY

Fischer & Porter Co.

v.

Glen Falls Ins. Co. et al.

October 25, 1982

Case No. Law 6205

By JUDGE HENRY H. WHITING

In this case, the plaintiff first sued the defendant on a contractor's statutory payment bond in the Court of Common Pleas of Philadelphia County, Pennsylvania. Upon objection to the suit having been filed there, plaintiff then filed this action in the Circuit Court of Warren County, Virginia, and, eight days later, dismissed its action in the Pennsylvania Court. Defendant insurance company has moved to dismiss upon the ground that the action was filed more than one year after it accrued in the Circuit Court of Warren County, Virginia, and premises its position upon a construction of the Virginia saving statute, § 8.01-229(E)(1) and (3) precluding the computation of any action in another jurisdiction than Virginia. (Plaintiff, on the other hand, contends that one additional delivery was within the one-year period even if the Pennsylvania suit did not toll the statute and this raises a question of fact which would have to be decided at a hearing.)

The argument centers primarily on the issue of whether those Virginia Code sections toll its statute of limitations during the pendency of the same action between the same parties in the Court of another

between the same parties in the Court of another jurisdiction.

Additionally, the defendant contends that the Virginia bond statute, § 11-23, creates a new cause of action and is similar to the Miller Act in requiring the action to be filed as a condition precedent to liability, unlike other conventional statutes of limitations, precluding application of the above two "saving statutes."

This opinion letter is in response to those contentions.

VIRGINIA DOES CONSIDER THE PERIOD OF PENDENCY OF FOREIGN SUITS AS TOLLING THE STATUTE OF LIMITATIONS UNDER THE PROVISIONS OF VIRGINIA CODE § 8.01-229(E)(1) AND (3).

In the Court's opinion, that statute, providing in part:

> If any action is commenced within the pre-scribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as a part of the period within which such action may be brought . . .

refers to any action in any Court and not just any action brought in the State Courts of Virginia. This conclusion is based on the following considerations:

(1) The predecessor statute, § 8-34, limited the instances of a suspension of the statute by reason of a former suit brought in due time to only four situations, and the present statute is evidence of a legislative intent to liberalize the instances of tolling. Illinois had a somewhat similar legislative history in its wrongful death statute, and the Court took note of the legislative intent to liberalize the limitation period on wrongful death statutes and gave a somewhat similar statutory amendment to that under

consideration a broad construction, applying it to wrongful death actions, indicating [the] "amendments indicate a steady progression by the legislature in liberalizing this remedial piece of litigation by expanding the field of its operation." Kristan v. Belmont Community Hospital, 366 N.E.2d 1068, 1070 (App. Ct. Ill. 1st Dist. 1st Div. 1977). The object of this kind of statute is stated by Justice Cardozo in the following language:

> This statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the Courts. Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, 596 (1915). Leavy v. Saunders, 319 A.2d 44 (Del. 1974).

That case decided by Justice Cardozo was referred to in Jones v. Morris Plan Bank, 170 Va. 88, 92 (1938), in denying the application of the earlier statute tolling the time an action was pending where the dismissal of the former action met none of the four situations set forth in the predecessor statute, then § 5824, later § 8-34. The Court had this to say:

> The statutes of many of the other States permit a new action within a specified time if the former action has failed for some reason other than a final judgment on the merits. Typical of these are section 5410 of the West Virginia Code, referred to in Burks Pleading and Practice (3d Ed.), p. 367, note, where the difference between that section and section 5826 of the Virginia Code is commented on, and the New York statute construed in Gaines v. City of New York, 215 N. Y. 533, 109 N.E. 594, L.R.A. 1917C,

203, Ann. Cas. 1916A, 259, relied on by the plaintiff in error. Id., at 92.

Virginia's adoption of both §§ 8.01-229(E)(1) and (3) (voluntary nonsuit by plaintiff) clearly evidences an intent by the legislature to liberalize these statutes and their application.

(2) The primary function to be served by a statute of limitations is to protect litigants against stale claims. If the litigant knows that a suit has been filed, even in the wrong Court, he knows he must defend and he should and probably does begin to marshall his evidence just as he would had he been sued in the proper forum. No good reason appears why this salutary purpose is thwarted by excluding actions in other forums; on the contrary, the primary purpose of the law to decide matters on the merits wherever possible is frustrated by any such narrow construction.

(3) Virginia has indicated that all these saving statutes merit a liberal construction as evidenced by Norwood, Admr. v. Buffey, 196 Va. 1051 (1955), a wrongful death case in which it was argued that the pendency of another suit could not toll the statute during that time if the litigant took a nonsuit as distinguished from a dismissal. The Appellate Court's opinion in Norwood is illuminating in the liberal construction it gave to the statute:

> The express language of the amendment to § 8-634, enacted March 7, 1904, excludes from the one year limitation the time that the first action was pending if that action "for any cause abates or is dismissed without determining the merits of said action." The amendment does not use the word "nonsuit." Yet its dominant purpose is clearly disclosed by the language "without determining the merits of said action." Given the liberal construction to which it is entitled, that phrase evinces an intent to save to the plaintiff the time the first action was pending so as to afford him

opportunity to obtain a trial upon the merits.

A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial, and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction; . . . 54 C.J.S., Limitations of Actions, § 287 (b), p. 347.

Quite often there is difference in the office or meaning of the words "abate," "dismiss," or "nonsuit," depending upon how and where used, or upon the overall context of the language employed, the purpose sought to be accomplished or like considerations. 17 Am.Jur., Dismissal, Discontinuance and Nonsuit, § 21, p. 57; 27 C.J.S., Dismissal and Nonsuit, §§ 1, 2, and 3, pp. 155, 156; 1 C.J.S., Abatement and Revival, § 1, p. 27. However, as the words "abates" and "dismissed" are used in this statute, we think the legislature intended that they be liberally construed so as to accord to the act full remedial effect and include an instance where the plaintiff was "nonsuited." 196 Va. at 1054-1055.

THE LIMITATION IMPOSED BY VIRGINIA CODE § 11-23 IS SUBJECT TO THE TOLLING PROVISIONS OF §§ 8.01-229(E)(1) AND (3).

Although the provisions for actions on this statutory bond create a new action unknown at common law and may be likened to a wrongful death action making the limitation jurisdictional, nonetheless the Court believes that the tolling statute applies to any such action under that statute.

The Court of Appeals has held that § 11-23 should receive a liberal construction. Thomas Somerville Co. v. Broyhill, 200 Va. 358, 362 (1958); Solite Masonry Units Corp. v. Piland Construction Co., Inc., 217 Va. 727, 730 (1977). Unlike the Lord Campbell's Act which gave a remedy which never existed, this statute is intended to replace a remedy the contractors would otherwise have to file mechanic's liens against a building. The policy of the law being to prohibit the filing of mechanic's liens against public buildings, § 11-23, created a statutory remedy to give an alternate remedy protection to those materialmen and subcontractors, Ibid. A similar tolling statute in Illinois was applied in a wrongful death case in Kristan v. Belmont Community Hospital, supra, that Court perceiving no reason not to apply the statute in a wrongful death case as well as in any other case since it was not limited and the language was thought to be broad and inclusive. This Court believes Virginia will continue its broad and inclusive construction of the statute in this case in order to give these parties opportunity to litigate on the merits and not deny relief based on a narrow construction of such a saving statute.