WILLIAM PEHR *et al.*, Plaintiffs-Appellees, v. METZ, TRAIN AND YOUN-GREN, INC., Defendant-Appellant (C.W. Johnson, Inc., *et al.*, Defendants).

First District (3rd Division)    No. 1—93—2081

Opinion filed April 12, 1995.—Rehearing denied August 8, 1995.—Modified opinion filed August 9, 1995.

Williams & Montgomery, of Chicago (Barry L. Kroll, Nunzio C. Radgono, Thomas J. Popovich, and Lloyd E. Williams, Jr., of counsel), for appellant.

Hilfman & Fogel, P.C., of Chicago (Louis Hilfman and John M. Kovac, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Defendant, Metz, Train & Youngren, Inc. (the corporation), appeals from an order of the circuit court of Cook County that denied its motion to quash service of a summons upon it. The corporation filed a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(iii) (134 Ill. 2d R. 306(a)(1)(iii)), and this court granted the petition. The corporation was dissolved, and it argues on appeal that it could not be sued again in a refiled action that was filed later than five years after its dissolution.

The corporation was dissolved on November 1, 1986. On February 6, 1987, plaintiffs, William Pehr, Donna Pehr, Richard Pohl, and Eleanor Pohl, filed an action against the corporation and numerous other defendants, alleging personal injury damages arising from alleged negligence in designing and constructing a research laboratory. On October 25, 1991, plaintiffs' motion to voluntarily nonsuit the corporation was granted without prejudice. On November 1, 1991, five years expired from the date the corporation was dissolved. Plaintiffs refiled the lawsuit on October 23, 1992. Plaintiffs served the corporation through the Illinois Secretary of State on March 2, 1993, pursuant to Illinois statute. (805 ILCS Ann. 5/5.25(b)(3), 12.80 (Michie 1993).) The corporation filed a special and limited appearance to contest jurisdiction and filed a motion to quash service of process on the basis that plaintiffs had failed to comply with the corporation liability statutes. The trial court denied the motion and the corporation appealed. The other defendants did not appeal.

Relevant to the issue on appeal are the following statutes.

■ Section 12.80 of the Illinois Business Corporation Act of 1983 (the Act) provides:

"The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a judgment of dissolution by a circuit court of this State, or (3) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name." 805 ILCS Ann. 5/12.80 (Michie 1993).

Section 5.25(b) of the Act provides in part:

"(b) The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation *** upon whom any process, notice or demand may be served:

(1) Whenever the corporation shall fail to appoint or maintain a registered agent in this State, or

(2) Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State, or

(3) When a domestic corporation has been dissolved, the conditions of paragraph (1) or paragraph (2) exist, and a civil action, suit or proceeding is instituted against or affecting the corporation within the five years after the issuance of a certificate of dissolution or the filing of a judgment of dissolution." 805 ILCS Ann. 5/5.25(b)(1), (b)(2), (b)(3) (Michie 1993).

■ Section 13—217 of the Illinois Code of Civil Procedure provides in relevant part:

"In the actions specified in Article XIII[1] of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS Ann. 5/13—217 (Michie 1993).

The corporation argues on appeal that service of the complaint should have been quashed on the basis that plaintiffs' refiled lawsuit was not commenced within five years of the corporation's dissolution. It argues that section 13—217 applied only where another statute limited the time for commencing an action and that the business

---

[1]Article XIII is entitled "Limitations," and the article appears beginning at section 13—101 of the Code of Civil Procedure (735 ILCS Ann. 5/13—101 (Michie 1993)).

corporation statutes are not statutes of limitation. It also argues that section 12.80 did not limit the time of commencing an action but rather created an opportunity to pursue an already existing cause of action by extending the life of a dissolved corporate defendant.

Plaintiffs respond that section 13—217 applied to acts where the time for commencing an action was limited and that section 12.80 placed a time limitation on the filing of claims against dissolved corporations. Therefore, section 13—217 applies to the time limitations set forth in section 12.80.

In *Consolidated Coal Co. v. Flynn Coal Co.* (1934), 274 Ill. App. 405, the lawsuit against the corporation was filed before defendant was dissolved. The lawsuit was dismissed for want of prosecution and refiled within one year. Section 79 of the General Corporation Act permitted lawsuits against dissolved corporations within two years of dissolution. (Ill. Rev. Stat. 1929, ch. 32, par. 79.) Another statute permitted a litigant whose cause was dismissed for want of prosecution to commence a new action within one year. (Ill. Rev. Stat. 1929, ch. 83, par. 25.) The court held that the second lawsuit was not filed within the time limitation of section 79 of the General Corporation Act and that the one-year refiling statute did not apply. (*Consolidated*, 274 Ill. App. at 412.) In support of the latter statement, the court cited *Dukes v. Harrison & Reidy* (1933), 270 Ill. App. 372.

We believe that *Dukes* is helpful. In *Dukes*, the decree dissolving the defendant corporation was entered on September 17, 1928. Plaintiff filed a complaint on January 28, 1930, which was dismissed on September 15, 1930, for want of prosecution (two days before the two-year time limitation expired). Plaintiff refiled a complaint on September 14, 1931, more than two years after the corporation had been dissolved. Plaintiff relied on section 25 of "An act in regard to limitations" (the Limitations Act), which provided:

> "*In any of the actions specified in any of the sections of said Act,* if *** the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired *** the said plaintiff *** may commence a new action within one year after such judgment *** given against the plaintiff, and not after.*" (Emphasis added.) Ill. Rev. Stat. 1931, ch. 83, par. 25.

Plaintiff argued that because he refiled the complaint within one year from the date his original complaint had been dismissed and because his original complaint had been filed within the two-year period allowed against a dissolved corporation, it was error to dismiss his later complaint.

Defendant corporation relied on section 79 of the General Corporation Act (Ill. Rev. Stat. 1931, ch. 32, par. 79), which provided

a two-year limitation for lawsuits against dissolved corporations. The defendant corporation contended that the General Corporation Act was not a statute of limitations and that therefore the Limitations Act was not applicable to the case.

The court rejected plaintiff's argument that the second lawsuit was proper on the basis that section 25 of the Limitations Act (Ill. Rev. Stat. 1931, ch. 83, par. 25) permitting refiling was not applicable to section 14 or 53 of the General Corporation Act (Ill. Rev. Stat. 1931, ch. 32, pars. 14, 53) under which the suit was brought, because the action was not one of the actions specified in the sections of the Limitations Act. *Dukes*, 270 Ill. App. at 380.

The *Dukes* court turned to the case of *Bishop v. Chicago Rys. Co.* (1922), 303 Ill. 273, 135 N.E. 439, for assistance. The *Bishop* court was concerned with the application of the Limitations Act to a wrongful death action contained in the "Injuries act" (wrongful death statute). The *Bishop* court reasoned:

> "No right existed at common law to recover for the wrongful death of a person. The Injuries act passed by the legislature *** created such a cause of action for the first time in this State. *** It fixes the time in which such action shall be brought. *** The limitation of the right to sue, fixing the exercise of such right within a year, is not a statute of limitations but is a condition of the liability itself. *** [T]he Injuries act is purely and simply a liability statute." (*Bishop*, 303 Ill. at 276-77.)

The *Bishop* court held that the Limitations Act was not applicable to the "Injuries act." (*Bishop*, 303 Ill. at 277.) The *Dukes* court adopted the thinking of the *Bishop* court and stated that the "reasoning of the Supreme Court applies with equal force to the instant case" and that the Limitations Act had no application to the General Corporation Act. *Dukes*, 270 Ill. App. at 380.

Years later, the Limitations Act was amended and was recodified into section 13—217 of the Code of Civil Procedure. Versions of section 13—217 with the added language "any other act *** where the time for commencing an action is limited" have been applied by courts to various statutory actions other than those actions referred to in section 13—217.

For example, the court in *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068, had to decide whether to apply section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a) to the wrongful death statute. On March 9, 1967, the decedent died. On March 7, 1969, plaintiff filed a wrongful death action on the theory that medical malpractice was the cause of death. On October 5, 1972, the suit was dismissed for want of prosecution. On September 11, 1973, plaintiff filed a new suit.

The *Kristan* court stated that the language added in 1959, which is very similar to the present form of section 13—217, "greatly enlarged the scope of this section so as to cover 'any other act or contract where the time of commencement of any action is limited.'" (*Kristan*, 51 Ill. App. 3d at 526.) This indicated to the *Kristan* court an intention by the legislature to expand the operation of the Limitations Act beyond the statutes of limitation contained in this Act. (*Kristan*, 51 Ill. App. 3d at 526.) The court noted *Country Mutual Insurance Co. v. National Bank* (1969), 109 Ill. App. 2d 133, 139, 248 N.E.2d 299, which stated that, unlike a general statute of limitations, the time requirement of the wrongful death statute was "a condition of the statute of any right to liability whatsoever." (See also *Kristan*, 51 Ill. App. 3d at 526.) The court agreed that the purpose underlying section 24 of the Limitations Act was "to afford every defendant a fair opportunity of investigating the circumstances based upon which plaintiff wishes to impose liability." (*Kristan*, 51 Ill. App. 3d at 527.) The court held that section 24 of the Limitations Act permitted refiling of the action for wrongful death that had been dismissed for want of prosecution, even though the time limitation for commencing a wrongful death action had expired. *Kristan*, 51 Ill. App. 3d at 528.

In *People ex rel. L'Minggio v. Parker* (1978), 65 Ill. App. 3d 296, 298, 382 N.E.2d 613, the court held that section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) applied to an action under the Paternity Act (Ill. Rev. Stat. 1975, ch. 106³/₄, par. 54) to permit the filing of a new paternity action within one year of the voluntary dismissal of the first action where the Paternity Act's two-year limitation period expired in the interim. The court applied section 24 even though the two-year limitations period of the Paternity Act had been held to be substantive and a condition of the right to maintain the statutory action in contrast to an ordinary statute of limitations. *L'Minggio*, 65 Ill. App. 3d at 298.

*In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 362, 251 N.E.2d 910, held that section 24 of the Limitations Act (Ill. Rev. Stat. 1967, ch. 83, par. 24a) applied to a proceeding to contest a will under section 90 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 90) where the action was dismissed in Federal court for want of jurisdictional amount and where the nine-month period in which to file a will contest expired at the time of dismissal. The *Breault* court explained its decision as follows:

> "In our opinion the plain purpose of section 24, as said in the Roth case [citation], 'is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits....' Where the plaintiff has commenced

his suit timely, but thereafter is nonsuited, the usual policy of early presentation of claims and timely closing of decedents' estates does not counterbalance the public policy that every claimant shall in the interest of justice and fair play have his cause determined on its merits. The Legislature, by the amendment, clearly has expressed its choice of policies. It has determined to permit filing actions in the particular circumstances enumerated by the statute." *Breault*, 113 Ill. App. 2d at 361-62.

We believe that the court in *Breault* was referring to dismissal for want of prosection, voluntary dismissal, reversal of judgment and other methods of terminating actions when it referred to "particular circumstances enumerated by the statute." *Breault*, 113 Ill. App. 2d at 362.

Defendant's contention that in Illinois any lawsuit filed after the time limit set by law for actions against dissolved corporations cannot be maintained is in error. In *People v. Parker* (1964), 30 Ill. 2d 486, 489, 197 N.E.2d 30, the court held that the statute permitting lawsuits against a corporation and its director was a survival statute rather than a statute of limitations. The court further held that the plaintiff could maintain a lawsuit filed more than two years after dissolution as required by law because of failure to give notice of dissolution. Another case, *Edwards v. Chicago & Northwestern Ry. Co.* (1967), 79 Ill. App. 2d 48, 51, 223 N.E.2d 163, held that where a complaint alleged that the defendant fraudulently induced plaintiff to refrain from filing lawsuits within the two-year period after the corporation was dissolved, lawsuits could be maintained against the dissolved corporation after the time limitation had expired.

Another case where it was held that a lawsuit could be filed and maintained after the time limit for actions against dissolved corporations is *Moore v. Nick's Finer Foods, Inc.* (1984), 121 Ill. App. 3d 923, 926-27, 460 N.E.2d 420. This case involved a former limitations section of the Code of Civil Procedure that provided that where the person entitled to bring an action is a minor at the time the action accrues, he or she may bring the action within two years after the disability is removed. (Ill. Rev. Stat. 1981, ch. 110, par. 13—112.) The trial court dismissed the plaintiff's lawsuit because it was filed more than two years after the defendant corporation was dissolved. The court held that the Illinois Business Corporation Act's two-year limitation on corporate survival actions (Ill. Rev. Stat. 1981, ch. 32, par. 157.94) was not absolute and may be extended under certain circumstances. (*Moore*, 121 Ill. App. 3d at 925.) The court pointed out that the supreme court in *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112, held that the one-year limitation for bringing actions

under the Dramshop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135) applied to minors in spite of their disability because the action was a purely statutory cause of action. (*Moore*, 121 Ill. App. 3d at 926.) The court then pointed out that, unlike the *Demchuk* case, the *Moore* case involved a personal injury action, which is a common-law cause of action. (*Moore*, 121 Ill. App. 3d at 926.) The court ruled that the minor could maintain a lawsuit filed after the expiration of the two-year time limitation against dissolved corporations. *Moore*, 121 Ill. App. 3d at 926-27.

■ Since the language in the Limitations Act was expanded to include "any other act *** where the time for commencing an action is limited," courts are permitting actions that are refiled within one year after voluntary dismissal to be maintained. Prior to expansion of the Limitations Act to acts outside of that chapter, its applicability was restricted to actions specified in the Act, and because the Illinois Business Corporation Act provisions were not contained in the limitations chapter, it was held not applicable to dissolved corporations.

*Consolidated Coal* (274 Ill. App. 405), *Bishop* (303 Ill. 273), and other cases decided under the old Limitations Act are not controlling. The *Bishop* court compared a wrongful death lawsuit with a lawsuit against a dissolved corporation and found that, upon the death of a person or the dissolution of a corporation, no action would lie against them at common law. (*Bishop*, 303 Ill. at 276.) It noted that, with the enactment of the "Injuries act," persons were granted the right to recover for the wrongful death of a person within the time limitations set forth. *Bishop*, 303 Ill. at 276-77.

However, we believe that the reasoning of the court in *Kriston v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068, is applicable to this case. In our case, defendant corporation was aware of plaintiffs' claims within the five-year time limitation and had time to investigate the circumstances of plaintiffs' allegations. The application of section 13—217 here permitting refiling would serve the statute's purposes to facilitate the disposition of litigation upon the merits and to avoid the frustration of litigation upon grounds that are unrelated to the merits. *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343, 518 N.E.2d 1051.

■ Defendant also argues that the service on the Secretary of State more than five years after the corporation's dissolution did not give plaintiffs personal jurisdiction because section 5.25(b) of the Act appointed the Secretary of State only when the lawsuit was instituted against the corporation within five years after the issuance of a certificate of dissolution or the filing of a judgment of dissolution. (805 ILCS Ann. 5/5.25(b)(3) (Michie 1993).) In order to give meaning to the

applicability of section 13—217 of the Illinois Code of Civil Procedure to section 12.80 of the Act, we find that the Secretary of State is a dissolved corporation's agent for service even where the new lawsuit was instituted against the dissolved corporation beyond the five years stated in section 5.25 of the Act. Courts strive to find harmony between statutes so as to give effect to the legislature's intent. (*People v. Caraballo* (1992), 231 Ill. App. 3d 685, 687, 596 N.E.2d 1327.) If section 13—217 applies to section 12.80 of the Act then section 5.25(b)(3) must logically permit the appointment of the Secretary of State to be extended past the five years following the corporation's dissolution.

The judgment of the trial court is affirmed.

Affirmed.

RIZZI and TULLY, JJ., concur.