Jean A. GUAY

v.

John DOLAN.

No. 95–454–Appeal.

Supreme Court of Rhode Island.

Nov. 29, 1996.

Jean A. Guay, Pro Se

John F. Dolan, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before us on September 25, 1996, pursuant to an order directing the plaintiff, Jean A. Guay, M.D. (Guay), to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff appeals from the granting of a motion to dismiss by the Superior Court in favor of the defendant, Attorney John Dolan (Dolan). After hearing the arguments of counsel and examining the memoranda filed by the parties, we conclude that cause has not been shown and that the appeal should be decided at this time.

In November 1990, Dolan represented Guay in a medical-malpractice suit filed against Guay in Federal District Court. In that case, *Kappelle v. Guay,* the jury found Guay not negligent in his treatment, surgery, and care of one Kappelle. However, Kap-

pelle prevailed on a lack-of-informed-consent claim, and the jury awarded him $60,000 in a verdict returned on November 14, 1990. On December 19, 1990, the parties signed a court stipulation settling the suit.

On October 9, 1991, Guay claims he wrote to Dolan, seeking a copy of Dolan's requested jury instructions for the *Kappelle* trial. In a letter dated October 23, 1991, Dolan replied that he was no longer in possession of the instructions. Guay then began a correspondence with Judge Ernest C. Torres, the federal trial judge in the *Kappelle* case, seeking the same information. Although Judge Torres did not have a copy of Dolan's requested jury instructions, Guay did obtain a copy of the court's final jury instructions on December 5, 1991.

On December 16, 1993, Guay filed a legal-malpractice suit against Dolan in Federal District Court, alleging errors committed by Dolan during the *Kappelle* civil suit. However, in February 1994 the Federal District Court dismissed the action for lack of diversity jurisdiction.

On November 15, 1994, Guay then filed a legal-malpractice claim against Dolan in Rhode Island Superior Court. He claims to have alleged the same counts as contained in the previous suit filed in Federal District Court. Dolan moved to dismiss the complaint on the ground that the three-year statute of limitations, as codified in G.L.1956 § 9–1–14.3, had expired. At a hearing on March 28, 1995, a Superior Court justice granted Dolan's motion. In doing so, the motion justice rejected Guay's argument that § 9–1–14.3(b) extended the date of filing the present action to December 5, 1991, the date Guay received Judge Torres's jury instructions. Judgment entered for Dolan, and Guay appealed.

Guay advances two theories to support his assertion that he filed this action within the three-year statute-of-limitations period prescribed by § 9–1–14.3. First, he asserts that pursuant to § 9–1–14.3(b), the statute of limitations began to run on December 5, 1991, when he received Judge Torres's jury instructions. Alternatively, he argues that the suit filed against Dolan in Federal District

Court was timely and acted to toll the statute of limitations on the present action.

■ We hold that Guay's complaint is barred by the statute of limitations under either theory. We start by determining the date that the statute of limitations began to run. The jury in *Kappelle* returned its verdict on November 14, 1990. The acts or omissions Guay complains of occurred throughout the trial, but in any event they necessarily occurred at various times before the jury returned its verdict on November 14, 1990. Therefore, unless some exception applies to extend the commencement date, the statute-of-limitations period began to run sometime during the November 1990 trial and no later than November 14, 1990. Guay relies on § 9-1-14.3(b) in arguing that the injuries he suffered from alleged acts and omissions relating to Dolan's jury instructions and the court's final instructions could only be discovered upon his receipt and examination of Judge Torres's instructions. Because Guay did not receive these instructions until December 5, 1991, he claims that this is when the statute of limitations began to run.

We believe that Guay may not rely on § 9-1-14.3(b) to extend the date that the statute of limitations began to run. That section reads:

> "(b) In respect to those injuries due to acts of legal malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of legal malpractice should, in the exercise of reasonable diligence, have been discovered."

This statute required Guay to use reasonable diligence in discovering the acts or omissions complained of in this action. Guay's first attempt at obtaining Dolan's requested jury instructions was October 9, 1991, nearly eleven months after the jury's verdict. We do not believe the trial justice erred in concluding that by exercising reasonable diligence, Guay should have discovered the acts of alleged malpractice at or about the time of the conduct that allegedly gave rise to his claims and, in any event, well before he first attempted to obtain copies of the jury instructions in October 1991.

In particular, if he had exercised reasonable diligence instead of waiting until October 1991 to begin his quest for copies of the pertinent instructions, Guay could have discovered any alleged infirmities in the requested jury instructions, as well as the final jury instructions, well before his receipt of Judge Torres's instructions on December 5, 1991. As a result, § 9-1-14.3(b) did not act to extend the commencement date of the three-year statute of limitations. Therefore, the operative date for the purposes of commencing the statute of limitations occurred no later than November 14, 1990, when the jury returned its verdict at the conclusion of the *Kappelle* trial.

■ Guay's second theory is even less persuasive. He apparently contends that filing a complaint in Federal District Court on December 16, 1993, tolled the statute of limitations for purposes of the present action. We disagree.

Pursuant to G.L.1956 § 9-1-22, a plaintiff may, in certain circumstances, institute a new action based upon the same complaint, even if the new action would be barred by the statute of limitations. Section 9-1-22 provides:

> "*If an action is timely commenced* and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the claim survives, his executor or administrator, may commence a new action upon the same claim within one (1) year after the termination." (Emphasis added.)

This court has interpreted § 9-1-22 to apply to new actions brought in the same state as the initial suit. *Goyette v. Suprenant*, 622 A.2d 1001, 1002 (R.I.1993). In the present case Guay filed suit in Rhode Island Superior Court following a dismissal of the same complaint in the Rhode Island Federal District Court. However, because we find that the original action filed in Federal District Court was, in contravention of § 9-1-22, time

barred, we shall assume, without deciding, that both actions were filed in the same "state" as mandated by the *Goyette* decision.

Guay filed the diversity suit in Federal District Court, seeking relief pursuant to § 9–1–14.3. Had the Federal District Court entertained the suit, it would have been required to apply the three-year statute of limitations codified in § 9–1–14.3. *See, e.g., Guaranty Trust Co. v. York,* 326 U.S. 99, 110–12, 65 S.Ct. 1464, 1470–71, 89 L.Ed. 2079, 2087–88 (1945). As we explained earlier, the statute of limitations began to run in November 1990. Guay filed suit in Federal District Court on December 16, 1993, a date beyond the three-year statutory period. Since the complaint filed in Federal District Court was itself time barred, its filing could not toll the statute of limitations on the present action. Therefore, the statute of limitations expired with respect to the present action in November 1993.

For the foregoing reasons Guay's appeal is denied and dismissed, and the order appealed from is affirmed. The papers of the case are remanded to the Superior Court.