## Jean A. GUAY, M.D.

v.

## Max WISTOW, Esq. and Mark H. Grimm, Esq.

### No. 96–51–Appeal.

Supreme Court of Rhode Island.

Dec. 2, 1996.

Jean A. Guay, pro se.

Max Wistow, Mark Grimm, Providence.

## ORDER

This case came before the Supreme Court for oral argument on November 12, 1996, pursuant to an order directing the plaintiff to show cause why his appeal should not be summarily decided. The plaintiff, Jean A. Guay, M.D., has appealed from a summary judgment entered for the defendants, Max Wistow, Esq. and Mark H. Grimm, Esq., in this malicious prosecution action. After hearing the arguments of the parties, who appeared *pro se,* and after reviewing their memoranda, we conclude that cause has not been shown, and the appeal will be decided at this time.

The facts and procedural history of this case have been fully set forth in a recent Per Curiam opinion, *Guay v. Dolan,* No. 95–454–A., 685 A.2d 269 (R.I.1996). The attorney defendants in the case before us represented a party who had filed a medical malpractice claim against plaintiff. The jury found against plaintiff on the ground that he had failed to obtain informed consent from a patient. The plaintiff's medical malpractice insurance paid the resulting $60,000 damage award. Subsequently, plaintiff filed a complaint against defendants in Federal Court that was dismissed for lack of subject matter jurisdiction. The same suit was then filed in the Superior Court alleging that the United States District Court trial judge's jury instructions in the medical malpractice lawsuit were erroneous. A Superior Court trial judge found that the informed consent claim was in the patient's favor and the negligence action was in plaintiff's favor, and that therefore there was a favorable finding for the patient, not for plaintiff. On June 27, 1995, the trial justice entered judgment for defendants, and, on the same day, plaintiff ordered the transcript. The transcript was filed on January 16, 1996.

The Supreme Court Rules of Appellate Procedure provide that the record on appeal, including the transcript, shall be transmitted to this Court within 60 days after the filing of the notice of appeal, unless the time is extended by an order of the trial court or of this Court. Sup.R.App.P. 11. Because plaintiff timely ordered the transcript and that transcript is currently before this Court, the record is adequate for this Court's review.

In order for a plaintiff to maintain an action for malicious prosecution, he or she must show that the original proceeding finally terminated in his or her favor. Moreover, the tort of malicious prosecution is generally filed against the party who brought the underlying action, not against his or her attorney. The essence of an action for malicious prosecution is that legal proceedings were conducted with malice and without probable cause. In this case, plaintiff contended that defendants committed fraud upon the U.S. District Court by failing to object to the District Court trial judge's jury instructions. In essence, plaintiff contended that defendants were negligent, but plaintiff failed to

explain why defendants owed a duty to plaintiff, who was not their client. Furthermore, plaintiff's failure to obtain a favorable judgment on the informed consent issue precludes him from claiming malicious prosecution.

In addition, this action is barred by collateral estoppel. In *Guay v. Kappelle,* 70 F.3d 1252, 1995 WL 714269 (1995), the First Circuit Court of Appeals affirmed the District Court's holding that plaintiff failed to state a claim for malicious prosecution because he could not show that the judgment on the prior medical malpractice action was in plaintiff's favor. The claims and issues in this case and in *Guay v. Kappelle* are identical, but now are brought against these defendants who represented Kappelle.

Consequently, the trial judge did not err in entering summary judgment for defendants. There were no material issues of fact in dispute, and the defendants were entitled to judgment as a matter of law. Therefore, the plaintiff's appeal is denied and dismissed, and the order appealed from is affirmed. The papers of the case may be remanded to the Superior Court.

WEISBERGER, C.J., did not participate.